May Term, 1860.

JONES
v.
THOMAS.

*O. S. Hamilton*, for the appellant.

*L. C. Dougherty*, for the appellee.

---

## JONES *v.* THOMAS.

A sheriff or his deputy taking property in attachment, may keep it himself, and receive the amount allowed by the Court therefor, or he may employ some one to keep it, pay him therefor, and receive the amount, collected as part of the costs, unless he pay the keeper more than the Court will allow.

*Tuesday, June 12.*

APPEAL from the *Porter* Circuit Court.

PERKINS, J.—*Jones* was sheriff of *Porter* county. His deputy seized certain property (three horses) by virtue of a writ of attachment. He delivered the horses to *Thomas* for keeping, no delivery-bond having been executed for them by the person in whose possession they were seized. *Thomas* kept them nine months; and this suit was against the sheriff for compensation for such keeping. When the horses were delivered to *Thomas* by the deputy sheriff, the latter told him the compensation would be what the law allowed. This was all the evidence of the contract under which the horses were kept. The Court allowed 290 dollars.

We think the decision was right.

The code provides that the sheriff shall be allowed by the Court the necessary expenses of keeping the attached property, to be paid by the plaintiff and taxed in the

costs. The sheriff, then, had a right to provide for the keeping of the attached property; and the deputy to whom the writ was given for execution would, in the absence of any special interference or instructions on the part of the sheriff, have the same power, as incident to the execution of the writ, and the sheriff would be bound by his act. 2 R. S. p. 11, § 4. The officer might have kept the property himself, and received the amount allowed by the Court therefor; or he might, as was done in this case, employ some one else to keep it, pay him therefor, and receive the amount collected as part of the costs, if he did not pay the keeper more than the Court would allow. If he did, it would be his loss.

Why the property was kept so long as it was in this case, when the law allowed an earlier sale, we do not know; nor is it a matter into which *Thomas* was bound to inquire. See 2 R. S. p. 67, §§ 174, 175.

*Per Curiam.*—The judgment is affirmed with 5 per cent. damages and costs.

*J. B. Niles*, for the appellant.