SAMUEL E. SHEPHERD *vs.* MARY E. HALL and another.

Knox. Opinion December 9, 1885.

*Officer's receipt. Demand. Action.*

A sheriff attached personal property on a writ, took a receipt therefor, and went out of office while the action was pending in court. The receipt was never legally nor equitably assigned by the sheriff to the creditor. *Held,* that an action could not be maintained in the name of the ex-sheriff against the receiptors for the benefit of the creditor, unless the property was

demanded of such ex-sheriff by an officer, holding the execution, within thirty days from the date of the judgment in the first suit; a demand on the receiptors is not sufficient.

ON REPORT.

An action on an officer's receipt.

The material facts are stated in the opinion.

*J. E. Hanley,* for the plaintiff, cited : *Hunter* v. *Peaks,* 74 Maine, 367 ; *Moulton* v. *Chapin,* 28 Maine, 505.

*Rice and Hall,* for the defendant, cited : R. S., c. 81, § 67 ; *Humphrey* v. *Cobb,* 22 Maine, 380 ; *Norris* v. *Bridgham,* 14 Maine, 429 ; *Sawyer* v. *Mason,* 19 Maine, 49 ; *Bradbury* v. *Taylor,* 8 Maine, 130.

PETERS, C. J. This is an action by an ex-sheriff upon an accountable receipt given for property which he attached. An execution, issued in the suit in which the attachment was made, was delivered to the plaintiff's successor in office within thirty days after judgment was recovered, and he made a demand on the receiptors, but no demand is shown to have been made on the present plaintiff within the thirty days.

The liability of a receiptor is contingent. Unless the officer is liable to either the creditor or the debtor for the production of the property attached, the receiptor is not liable to the officer. The officer has no personal interest in the property or its possession. He holds it merely for the purposes of the law. The creditor's lien continues for thirty days only after judgment, unless steps are taken within that time to retain or perfect the lien. In this case the debtor had no claim upon the officer, for the property had returned into his possession; nor has the creditor any claim upon him, because he failed to assert his claim by a demand within the thirty days. Any claim upon either officer or receiptor, is lost. *Bradbury* v. *Taylor,* 8 Maine, 129 ; *Norris* v. *Bridgham,* 14 Maine, 429 ; *Humphreys* v. *Cobb,* 22 Maine, 380 ; *Moulton* v. *Chapin,* 28 Maine, 505.

It is readily seen that a demand upon the receiptor is not an excuse for the want of a demand upon the officer. The receiptor

is under no obligation to the creditor. His agreement is not with him. There is no privity between them. The officer is responsible to the creditor whether the receiptor is liable to him or not. The receipt is for the officer's protection,— not for the creditor's. *Phillips* v. *Bridge*, 11 Mass. p. 247 ; *Pearsons* v. *Tinker*, 36 Maine, 384. In the present case an unnecessary demand was made upon the receiptors, and a necessary demand upon the officer was omitted.

We do not mean to say that there may not be a case where a receiptor would be liable without a demand upon a retiring officer to whom the receipt was given. We have been speaking of the usual relation, such as appears to have existed in the case in hand. An exception exists where the receipt has been assigned by officer to creditor. It may be an equitable assignment. It has been held that such an assignment arises where an officer takes a receipt at the instance of the creditor, upon his approval, and at his risk, the creditor by agreement relying upon the receipt and not upon the obligation of the officer. In such case the creditor is substituted for the officer. He owns the right. He need make no demand upon the officer. He is acting in his behalf in calling upon the receiptor. A demand on the officer is implied — or waived. *Hapgood* v. *Fisher*, 30 Maine, 502 ; *Lawrence* v. *Rice*, 12 Metc. 527 ; *Moore* v. *Fargo*, 112 Mass. 254.

*Plaintiff nonsuit.*

WALTON, DANFORTH, LIBBEY, EMERY and FOSTER, JJ., concurred.