SAMUEL S. DAVIS *vs.* JAMES F. MALONEY.

Penobscot.   Opinion February 14, 1887.

*Attachment.   Officer's receipt.   Seizure on execution.   Trespass.*

The creditor who directs an officer to take an accountable receipt for property attached, thereby elects to rely upon the receipt, rather than on any obligation of the officer to keep the property safely; and upon gaining possession of the receipt, he may assert it as an equitable assignee thereof, without demand on the attaching officer for the property.

An officer not holding the receipt can not legally demand the property attached from the receiptor, so as to subject the property to the lien imposed by the original attachment.

Trespass may be maintained against such an officer who takes such property on execution, if it is property not liable to seizure on execution.

ON report.

The opinion states the case and material facts.

*Jasper Hutchings,* for the plaintiff, cited : *Gilmore* v. *McNeil,* 45 Maine, 599 ; *Hinckley* v. *Bridgham,* 46 Maine, 450 ; *Stanley* v. *Drinkwater,* 43 Maine, 468 ; *Waterhouse* v. *Bird,* 37 Maine, 326 ; 14 Maine, 312 ; *Wentworth* v. *Sawyer,* 76 Maine, 434.

*H. L. Mitchell,* for defendant.

At the time of the original attachment upon the writ, March 21st, 1884, the plaintiff in this suit was present, and if he claimed that any portion of the books were exempted property, then in order to have them left unattached, he was bound to set apart such portion, notify the officer in order to justify him in leaving the books so claimed as exempt. The plaintiff failed to do so and the officer was bound to attach all of the books that were confused with the whole lot of books that were attached. *Smith* v. *Chadwick,* 51 Maine, 515 ; *Clapp* v. *Thomas,* 5 Allen, 158 ; *Nash* v. *Farrington,* 4 Allen, 157.

The question presented in *Dow* v. *Cheney,* 103 Mass. 181, is very much like the question presented to this court in this case now under consideration. That is, that portion of this case that relates to the confusion of all the books.

In the opinion of the court, in *Twitchell* v. *Shaw,* 64 Mass. 46, (10 Cush.) the court say : "But the officer was not bound to investigate the genuineness or sufficiency of the receipt ; he held an execution from a court of competent jurisdiction, and that was a legal justification to him for taking and selling the present plaintiff's property. No action, therefore, either of trespass or case, can be maintained against him by the present plaintiff." And cites the case, *Wilmarth* v. *Burt,* 7 Met. 257.

In delivering the opinion of the court, in *Wilton M'f'g Co.* v. *Butler,* 34 Maine, 440, Judge TENNEY says : "No obligation rests upon a ministerial officer to look beyond a precept in his hands, as sufficient legal warrant to its commands, and it would

be absurd to hold him accountable for any error in the judicial proceedings of the court which awarded it."

" If the debtor, who has a larger quantity of any kind of provisions than the law exempts from attachment, sets apart no portion thereof for the use of himself and family before it is about to be attached, and makes no claim to any portion of it, when the officer is about to attach the whole, he can not maintain an action against the officer who takes the whole." *Clapp* v. *Thomas*, 87 Mass. 158; *Smith* v. *Chadwick*, 51 Maine, 515; *Copp* v. *Williams*, 135 Mass. 401, and cases cited on page 405.

Chief Justice PETERS, in the opinion of the court in the case, *Shepherd* v. *Hall*, 77 Maine, 571, says: " The receiptor is under no obligation to the creditor. His agreement is not with him. There is no privity between them. The officer is responsible to the creditor whether the receiptor is liable to him or not. The receipt is for the officer's protection, not for the creditor's." Also see case, *Hapgood* v. *Hill*, 20 Maine, 372.

I submit that the case *Gilmore* v. *McNeil*, 45 Maine, 599, is not a rule to govern this case now before the court, for in that case the officer who made the demand was the same officer who made the original attachment.

HASKELL, J. Trespass against an officer for an unlawful seizure of books on execution against the plaintiff.

A deputy sheriff, out of office when the seizure was made, had attached certain books and book cases on a writ against the plaintiff, and by direction of the creditor, had taken the plaintiff's accountable receipt therefor, with sureties approved by the creditor, and thereupon had surrendered the property attached to the plaintiff, the debtor.

The receipt stipulated that the debtor should return the property attached to the officer, or to his successor in office, or to any person authorized to receive the same on demand. By directing the officer to take the receipt, the creditor elected to rely upon it, rather than upon any obligation of the officer to keep the property safely; and upon gaining possession of it, might assert it as equitable assignee thereof, and no demand upon the attaching officer would be required. *Shepherd* v.

*Hall*, 77 Maine, 569. But this she did not do. The receipt was allowed to remain with the attaching officer, to whom the debtor engaged to be accountable; and the creditor, having procured a special judgment and execution against the property attached, the debtor meanwhile having been discharged as an insolvent debtor, caused another officer, not holding the receipt, to demand the property attached, that he might seize it on the execution. This officer could make no legal demand for the property, because he did not hold the receipt. *Gilmore* v. *McNeil*, 45 Maine, 599; *Hinckley* v. *Bridgham*, 46 Maine, 450. Nor did he pretend to demand the property by virtue of the receipt, but rather required the debtor to produce certain property that he was not compelled to produce, that it might be taken on the execution.

True, the debtor, supposing the officer authorized to demand the property by virtue of the receipt, produced it, and demanded his receipt, which being refused him, he forbade the officer from taking away a part of the property that he had produced, viz., the books; but the officer, in disregard of the debtor's protest, took all the property produced and sold it on the execution. By the terms of his execution, he could only take property upon which the attachment created a lien that he might perfect the same, and he could only do this by gaining possession of the property by demand upon the receipt, so that the seizure made by him on the execution was not a continuation of and perfection of any lien created by the attachment, but was an independent seizure of property that had either passed to the debtor's assignee in insolvency, or was exempt from seizure upon execution; and as the debtor had lawful possession of the property that he forbade the officer to take, whether it belonged to him, or to his assignee in insolvency, is immaterial, and he should recover the value of the same.

*Defendant defaulted for $165, with interest from December 3, 1885.*

Peters, C. J., Walton, Danforth, Emery and Foster, JJ., concurred.