### E. O. STEVENS ET. AL. V. CHARLES WOLF.

#### No. 6335.

1. **Liability of Attaching Creditor to Officer Making the Levy.**—Where there is no statute regulating the matter, the plaintiff directing the sheriff to attach specific property is liable to him for any loss he may sustain on account of the levy upon an implied promise of indemnity.

2. **Same—Indemnity Bond.**—But in the statute (Rev. Stats., art. 165) it is prescribed that the officer makes a levy of attachment at his own risk, although he may require the plaintiff to execute to him a bond of indemnity. There is, therefore, no implied liability on the part of a creditor having given an indemnity bond to an officer, for pointing out specific property to be seized under the writ.

3. **Same.**—The officer having a bond of indemnity can only recover upon it for damages recovered for the wrongful seizure of property under attachment, and his recovery is limited by the amount of the bond.

4. **Misjoinder.**—The owner of personal property seized under an attachment against the goods of another joined as defendants (1) the officer making the seizure and his sureties, (2) the plaintiffs in attachment, and the secureties upon an indemnity bond made to the officer. The officer also asked judgment over against his indemnitors. The objection for misjoinder of parties was properly overruled.

5. **Recovery on Indemnity Bond.**—Where an officer was entitled to recover the full amount of an indemnity bond it was of no consequence what disposition the court indicated or how the recovery should be applied.

APPEAL from Bexar. Tried below before Hon. Geo. H. Noonan.

The goods of the appellee Charles Wolf were levied on by attachment sued out of Justice Court of Precinct No. 1 in Bexar County in the suit of Robert Carey & Co. against Emanuel Abrahams. The levy was made

by Constable E. O. Stevens (appellant), he having taken an indemnity bond from Robert Carey & Co. for $192.

Charles Wolf brought this suit in the District Court of Bexar to recover of E. O. Stevens, the constable making the levy, and N. Mackey and H. L. Dignowitty, the sureties on his official bond, against Robert Carey & Co., the attaching creditors, and against their securities on the indemnity bond, viz., H. D. Brown and John Withers, to recover the value of the goods attached, $398.14, praying for judgment and interest and attorney fees.

The liability of the sureties on the indemnity bond and of Robert Carey & Co. is predicated upon the ground of advice and assistance rendered the constable in committing the trespass.

Carey & Co., Withers, and Brown answered by general demurrer and a special exception admitting that the levy was made; that the goods were pointed out to the constable by them; that the indemnity bond was executed, but that it was to save harmless the constable and for his protection; that they are by the terms of the bond bound to him and not to Wolf, and that therefore the petition discloses no cause of action against them, of which they pray the judgment of the court.

Defendant Stevens answered, setting up the writ; that it was issued by a court of competent jurisdiction; that the property was pointed out to him as the property of Abrahams by Carey & Co., and claiming that all that he did was done according to law. He also sets up the indemnity bond of Robert Carey & Co., claiming that they are bound to protect him, their undertaking in the bond being to forever save him harmless from all costs, charges, damages, and suits he might become liable to by reason of the levy. He further pleaded that he had been compelled to incur great cost and expense by the suit, and employed counsel to represent him at a fee of $50. He prayed that he have judgment over against Robert Carey & Co. for any amount that may be adjudged against him, as also judgment against the sureties on the indemnity bond, and for the further sum of $50 attorney fees. He also asked that Carey & Co. and their sureties, they being parties to the suit by the petition and citation of plaintiff, be made parties.

The court overruled the exceptions of Robert Carey & Co. and their sureties, holding that they were proper parties, having been properly cited, and Stevens having answered also seeking judgment over against them, and "rendered judgment in favor of plaintiff against defendants E. O. Stevens and N. Mackey and H. L. Dignowitty and Robert Carey & Co.," a firm composed of Robert Carey and Samuel Carey, and against Robert Carey individually, for the value of the goods ($398.14), together with 8 per cent interest per annum from the date of the levy, aggregating $401.41, costs, etc.; and further rendered judgment in favor of Stevens against the firm of Robert Carey & Co., and against John Withers and H. D. Brown,

as principals and sureties on the indemnity bond, for the face of the bond ($192), $25 of which being allowed as attorney fees for defending the suit, the balance being allowed as costs, damages, and charges provided for in the bond of indemnity.

Robert Carey & Co., John Withers, H. D. Brown, E. O. Stevens, H. L. Dignowitty, N. Mackey, and Robert Carey (individually) appealed.

Stevens and his sureties assigned the following errors: "The court erred in not rendering judgment in favor of defendant Stevens on his bond of indemnity for the whole amount of the judgment against Robert Carey & Co., the principals in the bond of indemnity.

"The court erred in overruling motion for a new trial filed by defendant E. O. Stevens."

Robert Carey & Co., Robert Carey for himself, Withers, and Brown present the following assignment of errors: "The court erred in overruling defendants' general and special exceptions to plaintiff's petition because of misjoinder of parties, the petition showing on its face that they were not liable to plaintiff, and that there was no privity of contract between him and these said defendants.

"The court erred in rendering judgment in favor of E. O. Stevens, constable, and against these defendants for his attorney fees of $25, when they have never been in default by failing to pay the amount of their liability after a final determination of this suit in the court of last resort, if liability there was.

"The court erred in overruling these defendants' motion in arrest of judgment alleging a misjoinder of parties defendant and no privity of contract between Charles Wolf and these defendants, and in overruling their amended motion for a new trial, alleging no privity of contract between them and plaintiff, and that they were not required to defend the suit at the instance of plaintiff, and in overruling that part of the motion, claiming that no attorney fees in favor of E. O. Stevens could be allowed in the first instance."

*J. M. Eckford,* for appellant Stevens and sureties.—1. While the sureties on a bond given an officer to indemnify him for levying an attachment can not be held liable beyond the amount specified in such bond, yet the principals, the attaching creditors, obligate themselves to "well and truly and sufficiently indemnify, save, and keep harmless the officer levying the suit from all costs, charges, damages, and suits that he may incur or become liable to," and are liable for the whole amount recovered of such officer.

2. No one can take advantage of his own wrong, and if a creditor causes an officer to seize property which he, the creditor, knows does not belong to the attachment debtor, or causes such officer to make an excessive levy, then he is responsible to such officer for the damages he may

suffer on account of such acts. Waples on Att. and Gar., pp. 147, 148, and note 1. We have been unable to find a Texas decision directly in point, but in Half v. Curtis, 68 Texas, 640, it is held that the liability of the sureties is limited to the bond, but as against the principal actual damages may be recovered either by counter-claim or plea in reconvention, or in a separate action. Is not the principle the same?

*Joseph Ryan,* for appellants Robert Carey & Co., Robert Carey individually, John Withers, and H. D. Brown.—1. Privity of contract is necessary to enable one person to sue another on a contract. Longcope v. Bruce, 44 Texas, 434; Jones v. George, 61 Texas, 345; Blake v. Miller, 1 Ct. App. C. C., sec. 1213; Bish. on Con., sec. 716, and note; Burton v. Larkin, 13 Pac. Rep., 398.

2. Under section 1 of the Act of March 31, 1885, only sheriffs, constables, or their deputies have the right to make the principal and surety on an indemnity bond parties defendant in a suit for damages for any act done by them in their official capacity when they have taken indemnifying bonds for such acts so done by them. Gen. Laws 1885, ch. 99, p. 90; Rains v. Herring, 68 Texas, 468.

3. When there has been no breach of bond of indemnity given to a sheriff or constable, the principals and sureties on said bond can not be held liable for an attorney fee in his favor. Kellogg v. Muller, 68 Texas, 182.

*Henry Vernor,* for appellee. — 1. All tort feasors are jointly and collectively liable for damages resulting from a trespass or tort committed by them, and independent of any contract. Thomas v. Chapman, 62 Texas, 194; Cool. on Torts., sec. 1, *et seq.*

2. Having been made parties defendant in the first instance as tort feasors, the appellants Robert Carey & Co., John Withers, and H. D. Brown, as indemnitors to the constable, became necessary parties at the suit of Stevens upon the filing of the answer of such constable claiming judgment against them as indemnitors. Acts 1885, p. 90; Iglehart v. Moore, 21 Texas, 504, and cases cited.

3. The court erred in rendering judgment in favor of E. O. Stevens, constable, and against these defendants for his attorney fee of $25, when they have never been in default by failing to pay the amount of their liability to the said constable E. O. Stevens after a final determination of this suit in the court of last resort, if liability there was.

COLLARD, JUDGE.—The only assignment of error of appellant E. O. Stevens that can be considered is that the court erred in not rendering judgment in his favor against Robert Carey & Co. for the whole amount of

the judgment on the bond of indemnity furnished by them to him. The other assignment of error made by him, that the court erred in overruling his motion for new trial, is too general. The indemnity bond stipulated the amount for which the principals and sureties were bound to Stevens (the constable making the levy) as $192; the amount of the judgment against Stevens and the sureties on his official bond was $401.75. The answer of Stevens set up that Robert Carey &· Co., the attaching creditors, pointed out the property levied on as the property of Abrahams, the defendant in attachment. He also sets up the conditions of the indemnity bond that principals were to "forever save him harmless from all costs, charges, damages, and suits he might become liable to by reason of the levy." He prayed for judgment over against Robert Carey & Co. for any amount that might be adjudged against him, also for judgment against the sureties on the indemnity bond, and for $50 attorney fees.

Where there is no statute regulating the matter, the plaintiff directing the sheriff to attach specific property is liable to him for any loss he may sustain on account of the levy upon an implied promise of indemnity. Waples on Att. and Gar., 148. But in our statute it is prescribed that the officer makes a levy of attachment at his own risk, though he may require the plaintiff to execute to him a bond of indemnity. Sayles' Civ. Stats., art. 165; Rev. Stats., art. 165. We see, therefore, that there was no implied liability on the part of Carey & Co. to indemnify the constable making the levy. He required a bond of indemnity which stipulated the amount of liability—$192. This amount is all the officer could recover on the bond, though his loss is shown to be greater than that amount.

Appellants Carey & Co. and their sureties on the indemnity bond complain by assignment of error that the court erred in overruling their exceptions to the petition because of misjoinder of parties; they make the same point in motion for a new trial and in arrest of judgment.

Plaintiff's suit was against Stevens, the constable, and the sureties on his official bond, and against Robert Carey & Co. and the sureties on their indemnity bond. Stevens in his answer set up the indemnity bond, and asked that the indemnitors be made parties, alleging that they had already been cited. The judgment in overruling the exceptions recites these facts.

The statute in force at the time the levy in question was made authorized the officer making levy to make the principal and sureties on his indemnity bond parties to the suit against him. Gen. Laws, 1885, p. 90; Sayles' Civ. Stat., art. 4525. There was no error in the court's ruling.

Appellants Carey & Co. and their sureties complain that the court erred in rendering judgment against them for $25 as attorney fees of Stevens. The court rendered judgment in favor of Stevens against them for $192, the amount named in the bond, $25 of which he allowed as attorney fees. The judgment against Stevens was for $401.75. Stevens was entitled to

judgment for the amount of the bond; he could recover no more, and it was immaterial how the court may have divided it.

We find no error in the judgment, and conclude it ought to be affirmed.

*Affirmed.*

Adopted May 6, 1890.