(November 26, 1895.)

## CHENOWITH v. CAMERON.

[42 Pac. 503.]

SHERIFF—KEEPER OF ATTACHED PROPERTY.—Where a deputy sheriff employs one as keeper of attached property, and the sheriff acquiesces for a period of fourteen months, he cannot thereafter, and after the death of the deputy, repudiate such employment.

(Syllabus by the court.)

APPEAL from District Court, Shoshone County.

W. B. Heyburn and E. M. Heyburn, for Appellant.

The refusal of the court to admit the testimony of Z. F. Chenoweth, the plaintiff below, who undertook to state to the jury that he was hired by George F. Hardesty, whom he recognized and knew as the deputy sheriff acting under the sheriff, Donald R. Cameron. The court held that Mr. Chenoweth could not testify to any transaction between himself and Mr. Hardesty, not having pleaded it; this was error on the part of the trial court. It is especially maintainable under the law of pleading with reference to the sheriff and his deputy. (1 Estee's Pleadings, sec. 529, p. 268; *Poinsett v. Taylor*, 6 Cal. 78; *Hirsch v. Rand*, 39 Cal. 315; *Campbell v. Phelps*, 17 Mass. 246; *Stillman v. Squire*, 1 Denio, 328.) The ultimate fact in the case at bar is, that the sheriff hired plaintiff. The probative facts are the official character of defendant and that Hardesty acted as his deputy. (*Hirsch v. Rand*, 39 Cal. 315; Mechem on Agency, secs. 128, 129, 146, 155, 157; *Rice v. Penfield*, 49 Hun, 369; 2 N. Y. Supp. 641; *Hawley v. Dawson*, 16 Or. 344, 18 Pac. 592.) The deputy acts for his principal, and he is acting within the scope of his authority if he employs a keeper to keep and care for the property attached. (*Foster v. Rhinehart*, 34 N. Y. St. Rep. 115, 11 N. Y. Supp. 629.) The acts of a public officer and his deputy are one in the eye of the law. (Rev. Stats., sec. 1820; 2 Greenleaf on Evidence, sec. 580; *Sprague v. Brown*, 40 Wis. 612; *Hirsch v. Rand*, 39 Cal. 315.)

W. W. Woods and C. W. Beale, for Respondent.

Cases sounding in tort are to be distinguished from express contract under which this deputy attempts to bind his principal for something which is not, as a matter of contract, within the authority of the deputy to do. (*Rice v. Penfield,* 49 Hun, 368, 2 N. Y. Supp. 641; *Foster v. Rhinehart,* 34 N. Y. 115, 11 N. Y. Supp. 629.)

HUSTON, J.—This is an action brought by plaintiff against defendant, as sheriff of Shoshone county, to recover amount alleged to be due to plaintiff for fees as keeper of certain property seized under attachment by the defendant as sheriff aforesaid. The property attached was the Custer Mill, situated in said Shoshone county. Writ of attachment was levied on May 1, 1893, and plaintiff was put in as keeper by one Hardesty, a deputy of defendant, at an agreed compensation of three dollars per day, and so remained in possession and charge of said property as keeper until June 30, 1894. During all this time the defendant was sheriff of said county, and must of necessity have known of the whole transaction between his deputy and the plaintiff. To presume otherwise would be to impeach both the integrity and capacity of the sheriff. Hardesty, the deputy who employed plaintiff, is dead. It is now claimed by defendant that, as plaintiff was employed by his deputy, he (defendant) is not liable for his fees. What was this sheriff doing during the fourteen months that plaintiff was acting as keeper of said property? Is it possible the sheriff of Shoshone county would hold property of this magnitude and value under attachment for a period of fourteen months without knowing who was the keeper, or what his compensation was to be? And, moreover, the plaintiff offered to prove the subsequent ratification of his employment by defendant, and the defendant's promise to pay therefor, which offer was rejected by the district court. The district court refused to permit plaintiff to make any proof of his claim under his pleadings, for the reason that his complaint alleged a a contract made with the sheriff, and his proposed proofs showed a contract with a deputy. *"Qui facit per alium facit per se"* is a maxim peculiarly applicable to cases of this kind. Again, the acquiescence for a period of fourteen months by the sheriff in the service of plaintiff was a palpable ratification of the act of

his deputy in employing plaintiff. The compensation charged by the plaintiff, and agreed to be paid by the sheriff, through his deputy, is within the provisions of the statute. We have examined most of the authorities cited by counsel, although we considered such examination an act of supererogation, as the plain, simple and universally recognized rules of common honesty are sufficient for the decision of this case. Judgment of the court below reversed, with costs in favor of appellant.

Morgan, C. J., and Sullivan, J., concur.