## LAWRENSON v. McDONALD, Sheriff.

A custodian appointed by a sheriff to care for horses attached by him is entitled to a reasonable compensation for the care, feed and stabling of the horses from the time of his appointment as custodian until notified of the release of the attachment.

(Opinion filed Dec. 23, 1896.)

Appeal from circuit court, Lawrence county.    Hon. A. J. PLOWMAN, Judge.

Action by Job Lawrenson against Edward McDonald, as sheriff, for services as a custodian.    There was a judgment for plaintiff, from which defendant appeals.    Affirmed.

The facts are stated in the opinion.

*Frank McLaughlin*, for appellant.

*Frawley & Laffey*, for respondent.

HANEY, J.    Plaintiff, a liveryman, was in possession of certain horses owned by Skinner & Farnum. Defendant, as sheriff, called at plaintiff's stable with a warrant of attachment against the owners.   Not finding plaintiff he delivered a notice of levy and a writing appointing plaintiff custodian of the horses to a person in charge.   These papers were received by plaintiff on the same day they were left at the stable, and later on that day plaintiff informed defendant that he had received them.   The horses remained with plaintiff until after he was formally notified that the attachment was released.   He recovered judgment for the reasonable value of the care, feed, and stabling of the horses from the time of his appointment as custodian until notified of the release.   The only defense is that defendant attempted to make a levy and take possession of the property, but that plaintiff refused to surrender it, claiming a lien thereon for feed previously furnished the owners.   In his return on the warrant of attachment, defendant certifies that he executed it by taking into his possession the property in controversy.   The learned circuit court rejected all parol evidence tending to contradict the return, and charged the jury that defendant could not deny that he got possession by virtue of the levy.   If there was any error in these respects, it was error without prejudice, because, so far as the contract between plaintiff and defendant is concerned, it is wholly immaterial whether defendant ever had possession or not.   The validity of the levy is not involved, nor need we be concerned with the return, only so far as it may aid us in ascertaining the circumstances surrounding the parties.   It is undisputed that plaintiff was given a written appointment as custodian.   It was equivalent to a request that he should care for the horses until otherwise directed by defendant.   He was not concerned with the validity of the levy.   It made no difference to him whether there was any levy at all.   It was an offer of employment. Defendant might, without any warrant of attachment, have sent a note to plaintiff, requesting him to keep any horses then

in his stable, subject to defendant's order; and, if plaintiff had accepted the offered employment, and properly performed his duties as an employe, his rights would have been substantially the same as in the case at bar. Plaintiff was given the appointment as custodian, and it was not revoked until notice of the release was served. The only material issue of fact was whether he accepted the appointment and kept the horses as custodian. On this issue there was some conflict in the evidence. It was submitted to the jury under proper instructions. Their finding cannot be disturbed. The judgment of the circuit court is affirmed.