EDINGER v. THOMAS.

1. COSTS—CUSTODIAN'S CHARGES.
When an officer finds that a custodian is necessary for the preservation
    of property levied upon under writ of attachment or execution, he
    may appoint one.   But he must have his compensation allowed at
    not exceeding $2.50 per day, and taxed as costs in the action in the
    manner provided by statute (Mills' Ann. Stats. Supp., 1898a), or it
    cannot be recovered of the losing party.
2. SAME—JURISDICTION.
No contract made by the officer with the custodian for the payment to
    him of a fixed sum in consideration of his services is binding upon
    the parties to the suit.   The court in which the action is pending
    has exclusive jurisdiction to determine what costs are chargeable
    on account of the custodian's appointment and services.

*Appeal from the District Court of Garfield County.*

Mr. J. W. DOLLISON and Mr. HENRY T. SALE, for appellant.

Mr. C. W. DARROW and Mr. ED. T. TAYLOR, for appellee.

THOMSON, J., delivered the opinion of the court.

On the 23d day of October, 1893, George Edinger brought suit in the county court of Garfield county against W. T. Beans and others, and caused a writ of attachment to be issued in the suit, which was levied upon certain goods and chattels as the property of Beans.   At that time T. W. Thomas was the sheriff of Garfield county, and the levy was made by him.   He remained in office until January 8, 1894, when R. W. Ware became the sheriff.   When the attachment was levied, J. W. Dollison, the attorney of the attachment plaintiff, requested the appointment of a custodian to take charge of the goods, and the then sheriff, T. W. Thomas, thereupon appointed H. C. Thomas as such custodian, and agreed to pay him $2.50 per day for the time he should be

in charge of the property. The goods were still in the cus-
tody of H. C. Thomas when Ware entered upon the duties
of the office. The latter made no change of custodian, and
H. C. Thomas remained in charge of the goods until the
24th day of January, 1894, when the property was released
from the attachment, and turned over to Annie T. Beans,
who had intervened, claiming the property as hers, and whose
claim, upon trial, was sustained.

On the 24th day of February, 1894, H. C. Thomas com-
menced this action in the district court of Garfield county
against the attachment plaintiff, George Edinger, to recover
the sum of $135, which he alleged was the amount due him
for the safe-keeping of the goods, by virtue of his contract
with the sheriff. Issues were joined, and a trial had, which
resulted in a verdict and judgment in the plaintiff's favor
for the amount of his claim. The defendant has brought the
case here by appeal.

The following is section 1 of an act of the legislature, ap-
proved April 16, 1891:

" Whenever it shall be the duty of any sheriff or constable
to appoint a custodian to take charge of any property levied
upon by virtue of a writ of attachment or execution, the
court shall allow such compensation for the services of the
custodian as shall be proper, not exceeding two and one half
dollars per day, to be taxed as costs, and such officer shall
not demand or receive any greater sum." Session Laws 1891,
p. 323.

The law charges the sheriff with the safe-keeping of prop-
erty levied upon; and if he finds that the appointment of a
custodian is necessary to their preservation, he makes the
appointment in his official capacity. The custodian appointed
is, for the purpose of the safe-keeping of the goods, his agent,
for whose default or misconduct concerning them he is re-
sponsible, and for whose services he is entitled to an allowance
by the court not exceeding $2.50 per day. The compensa-
tion of the custodian must be taxed as costs in the case in
the manner provided by the statute, or it cannot be recovered

from the losing party. No contract made by the sheriff with the custodian for the payment to him of a fixed sum in consideration of his services would be binding upon the parties to the suit. The statute provides how his compensation shall be determined; it must be determined in that way, and in no other way; and when it is determined, to make it available, it must be taxed as costs. The appointment of a custodian, like the attachment of the goods, is a part of the proceedings in the case; and the court in which the case is pending has the sole jurisdiction to determine what costs are chargeable on account of the appointment. The custodian looks to the sheriff for his pay, and the sheriff protects himself by procuring an allowance and taxation of the proper amount. The sheriff cannot safely contract for the payment of any specific sum.

It seems that the costs in the attachment suit were adjudged against the attachment plaintiff, the defendant in this case; and if the sheriff expected to be reimbursed by Edinger for his outlay or liability on account of the custodian, he should have caused the amount to be determined, allowed, and taxed in his favor, in the county court. There would then have been a judgment for that amount against this defendant in the only court authorized to render such judgment. It seems there was an attempt to follow the statute in the matter, but plaintiff's counsel say that for certain reasons it was ineffectual. We shall not inquire whether it was or not, because whatever it was, and whatever its result, it cuts no figure in this case. We do not decide that the contract between this plaintiff and the sheriff was invalid, or that the plaintiff cannot recover from the sheriff the amount which the latter agreed to pay him. We only decide that in so far as the parties to the litigation are concerned, the compensation of the custodian of attached goods is a matter for the determination of the court in which the attachment suit is pending, and is not recoverable from the losing party unless it is taxed as costs in that suit. Personally the custodian had no claim against Edinger; but even if he could make such claim in his

own behalf, the district court had no jurisdiction of the controversy. Its judgment must therefore be reversed with instruction to dismiss the case.

*Reversed.*