.J. M. Hurd v. James B. Ladner and H. L. Corbin, Appellants.

**Caring for Attached Property: LIABILITY FOR.** Under Code, section 3926, allowing the sheriff expense incurred in keeping attached property * * * to be paid by the plaintiff and taxed as costs, one who receives such .property from the sheriff must look to the sheriff for remuneration for caring for it, and cannot maintain an action therefor against the plaintiff in attachment.

**Pleadings: MOTION TO MAKE MORE DEFINITE.** Where plaintiff alleged:that, at the request of "defendant," he kept and cared for certain live stock, without stating which of the defendants sued made the request, nor at whose instance he cared for the stock, it was error to overrule a motion made that the petition be made more specific.

**Waiver.** Error in overruling defendant's motion that the petition be made more definite was waived by answering the petition.

*Appeal from Hamilton District Court.*—Hon. B. P. Birdsall, Judge.

Friday, January 19, 1900.

Action to recover compensation for the keep and care of live stock; and for services rendered at defendants' instance and request. Trial to a jury, verdict and judgment for plaintiff, and defendants appeal.—*Affirmed.*

*Geo. Wambach* for appellants.

*J. L. Kamrar* for appellee.

Deemer, J.—In the year 1895, defendant Ladner brought suit in the district court of Hamilton county against one Balsley to recover rent for the use of a farm belonging to Ladner. A landlord's writ of attachment issued in that suit, and the writ, together with the written contract of lease between the parties, which contained a mortgage clause,

was delivered to defendant Corbin, who was then sheriff of Hamilton county. The sheriff seized certain live stock, consisting of horses, cattle, and hogs, and turned the same over to plaintiff in this case, with the request that he care for the same. Plaintiff took the property, and kept it for several months, and now sues to recover compensation therefor, as well as for certain services rendered in connection therewith.

The trial court submitted but one question to the jury, and that was the value of plaintiff's services. Plaintiff alleged in his petition that, at request of the defendants orally made, he kept, cared for, and fed stock, and did personal labor, as stated in a bill of particulars thereto annexed. Defendants filed a motion asking that plaintiff be required to state whose property it was he kept, cared for, and fed, and at whose instance and for whose benefit he performed the labor specified, and to state when and where such oral agreement was made and entered into between the plaintiff and defendant James Ladner. This motion was overruled, and in this we think the court erred. The petition did not state which one of the defendants made the request, nor did it specifically state at whose instance or for whose benefit the labor was performed. It was so indefinite and uncertain in these respects that the motion should have been sustained. But, as defendants thereafter answered, they waived the error. *Kline v. Railway Co.,* 50 Iowa, 656; *Coakley v. McCarty,* 34 Iowa, 105.

Defendant Ladner denied that he entered into any contract with plaintiff, or that he authorized any person to do so for him. He also pleaded that the attachment proceedings were commenced without his knowledge or consent, and that defendant Corbin took the property as sheriff, and placed it in the hands of plaintiff as receiptor; that it was the duty of the sheriff to sell the property as perishable; and that, as certain persons who claimed to be owners of the property served notice on the

sheriff to release the same, it was his duty to have done so. This defendant further pleaded a defect of parties, in that there was no joint liability of defendants for the claim sued upon, and no claim existed in favor of plaintiff and against this defendant. Defendant Corbin denied that he entered into any contract in his individual capacity, and averred that he seized the property as sheriff, under the landlord's writ of attachment, and placed the same, or a part thereof, with plaintiff for the purpose of being kept and cared for by him. At the conclusion of plaintiff's evidence, which tended to show that defendant Corbin, as sheriff, placed the property in his hands, with the request that he keep and care for the same, and that the value of his services was the sum claimed in the petition, and after plaintiff had offered the writ of attachment and the officer's return thereon, defendant Ladner made a motion that the case be dismissed as to him, because there was no privity of contract between plaintiff and himself; because there was a misjoinder of parties defendant, and no evidence showing any cause of action against him, or against the defendants jointly; and because the costs of keeping the attached property should have been taxed in the main suit. The motion was overruled, and defendant excepted. Thereupon defendants introduced evidence to show that the property placed in defendants' hands was taken under a writ of attachment or the mortgage clause in the lease, or both, and some further evidence was adduced tending to show the reasonable value of the care of the property. The case then went to the jury under the instructions hitherto referred to, resulting in a verdict for plaintiff as against both defendants. Motion for judgment notwithstanding the verdict and in arrest of judgment and for a new trial were overruled, and defendants appeal.

There was evidence tending to show that all the property was taken under the landlord's writ of attachment, some evidence that it was taken under both the writ and the mortgage clause of the lease, and still other evidence

tending to show that part of the property was taken under one instrument and part under another. As defendant Corbin pleaded that he took it all under the landlord's writ, the case must, as to him, be treated with that statement in mind. What, then, is defendant Ladner's liability? If the property, or some of it, was taken under the writ alone, and delivered by the sheriff to plaintiff for safe-keeping and care, is he responsible for the value thereof to the custodian or receiptor of the property? This, it must be remembered, is not an action by the owner of the property for damages growing out of the wrongful seizure thereof, but involves the simple question what remedy, if any, has the custodian or receiptor of property against the attachment plaintiff for its care and keep? Section 3926 of the Code provides that "the sheriff shall be allowed by the court the necessary expenses of keeping the attached property, to be paid by the plaintiff and taxed in the costs." Whether or not such costs were taxed in the main case does not appear. But this section clearly imposes a liability on the defendant to the sheriff, and not to any other person. When the sheriff places the property in the hands of another for safe-keeping, that other becomes the agent of the sheriff, and he has no claim which can be taxed as costs. *Rowley v. Painter,* 69 Iowa, 432. As said in that case, "whatever assistance he (the sheriff) employs is his assistance, and we think that his employes have a right to look to him for payment."

Is the plaintiff in attachment jointly responsible with the officer for the expenses incident to the care of the property? We think not. His responsibility is fixed by the statute which we have quoted, and there is no privity in such case between the custodian and the plaintiff in attachment. The receiptor is the mere agent of the sheriff, and the property is legally in the hands of the sheriff so long as it is retained by him. *Blake v. Kimball,* 106 Mass. 116; *Stowe v. Buttrick,* 125 Mass. 449; *Brownell v. Manchester,* 1

Pick. 232; *Bond v. Padelford,* 13 Mass. 395; Wapples Attachment (2d ed.), sections 562, 563; Shinn Attachment, section 270; *Shepherd v. Hall,* 77 Me. 569 (1 Atl. Rep. 696). This feature of the case was not submitted by the court to the jury. It is argued that, if defendant Corbin took the property under the mortgage clause of the lease, he was acting as agent of defendant Ladner, and as such is not responsible. This was a matter of defense for defendant Corbin to plead, but, as he did not do so, he is in no position to complain.

There is no need for saying ·that defendant Ladner would be responsible if the property were taken by his authority under the mortgage clause of the lease, and not in virtue of the writ of attachment. But the case was not submitted on that theory. It was incumbent on plaintiff to show how the property was taken by the sheriff, and in what capacity he received it. From the evidence, the jury may have found that the sheriff took all of it under the writ of attachment, and left it with plaintiff for care and safe-keeping. They should have been instructed that, if they so found, their verdict should be for defendant Ladner. The other defenses pleaded by Ladner are without merit. For the errors' pointed out, the judgment· as to Ladner is *reversed,* and as to Corbin it is AFFIRMED.

GRANGER, C. J., not sitting.