[No. 1866]

## L. W. ALLEN, RESPONDENT, *v.* W. A. INGALLS, AS SHERIFF OF ESMERALDA COUNTY, APPELLANT.

1. SHERIFFS AND CONSTABLES—ATTACHMENT OF PROPERTY—CARE OF PROPERTY—DUTY OF DEPUTY.

    Where a sheriff gave to his deputy an attachment to execute, without saying anything as to the employment of a keeper, and the writ could not be executed without taking possession of personal property, the deputy, empowered by Comp. Laws, 2242, to perform the duties devolving on the sheriff, could employ, if necessary, a keeper of the attached property.

2. SHERIFFS AND CONSTABLES—ATTACHMENT OF PROPERTY—CARE OF PROPERTY—DUTY OF DEPUTY.

    A deputy, receiving from the sheriff a writ of attachment to execute, remained in charge of the personal property attached for a time, and then employed a third person as keeper, and notified the sheriff, who expressed approval. The attached property thereafter remained in the possession of the third person with the sheriff's knowledge, and was finally delivered by the third person to another on the sheriff's order. *Held*, that the sheriff ratified the deputy's employment of the third person as keeper, and was liable for the third person's services, if such ratification was necessary to bind him.

3. ATTACHMENT—PROTECTION OF PROPERTY—EMPLOYMENT OF KEEPERS—LIABILITY.

    A keeper of attached property must ordinarily look to the sheriff attaching the property for his compensation, and in the absence of an express agreement with the plaintiff in the action he cannot recover from him.

4. ATTACHMENT—PROTECTION OF PROPERTY—EMPLOYMENT OF KEEPERS—LIABILITY.

    A settlement by a sheriff with his deputy for services as keeper of attached property, made without the knowledge of a third person employed by the deputy as keeper, is not binding on the third person, and does not preclude him from suing the sheriff for his services.

5. ATTACHMENT—PROTECTION OF PROPERTY—EMPLOYMENT OF KEEPERS—LIABILITY.

    Where a sheriff, in possession through a keeper of attached property, remained in possession after the debtor was adjudged a bankrupt, without notifying the keeper of any change in the status of the property, the keeper could recover from the sheriff for his services after the adjudication, though the sheriff thereafter was a mere bailee for the trustee in bankruptcy.

6. ATTACHMENT—CARE OF PROPERTY ATTACHED—LIABILITY.

    A sheriff, incurring expenses in preserving attached property, may recover from plaintiff in attachment or from the trustee in bankruptcy of the debtor, adjudged a bankrupt after the attachment, and he must look to one or both for reimbursement.

7. APPEAL AND ERROR — QUESTIONS REVIEWABLE — QUESTIONS NOT RAISED IN TRIAL COURT.

The supreme court, on appeal, will not consider questions, not jurisdictional, raised for the first time on appeal.

## ON PETITION FOR REHEARING

1. APPEAL AND ERROR—PRESUMPTIONS—TIME OF FILING PETITION.

The presumption, if any, as to time of filing the petition in bankruptcy, is that it was filed on the day of the adjudication of bankruptcy; the act of July 1, 1898, c. 541, 30 Stats. 551 (U. S. Comp. St. 1901, p. 3429), requiring no notice of the hearing, but contemplating a hearing forthwith and an adjudication or a dismissal of the petition.

2. BANKRUPTCY—ATTACHMENT LIENS—DISSOLUTION BY ADJUDICATION.

Under the bankruptcy act of July 1, 1898, c. 541, 30 Stats. 565 (U. S. Comp. St. 1901, pp. 3422, 3450), only the attachment liens obtained within four months of the filing of the petition in bankruptcy are dissolved by the adjudication in bankruptcy.

APPEAL from the District Court of the Seventh Judicial District of the State of Nevada, Esmeralda County; *Theron Stevens,* Judge.

Action by L. W. Allen against W. A. Ingalls, as Sheriff of Esmeralda County. From a judgment for plaintiff, defendant appeals. **Affirmed.** Petition for rehearing. **Denied.**

The facts sufficiently appear in the opinion.

*Thompson, Morehouse & Thompson,* for Appellant.

*Detch & Carney,* for Respondent.

By the Court, NORCROSS, C. J.

This is an action to recover a claim in the sum of $1,055 for services as keeper of certain attached property, levied upon by the appellant in a certain action instituted in the First (now Seventh) Judicial District Court in and for Esmeralda County, wherein Wood, Curtis & Co. were plaintiffs and J. W. Tracy was defendant. From a judgment for the plaintiff, respondent herein, for the full amount sued for, and from an order denying a motion for a new trial, the defendant has appealed.

The trial court found as facts that on the 23d day of March, 1908, in the case above mentioned, a writ of attachment was duly issued and placed in the hands of said sheriff for execution; that under and by virtue of said writ, on or about the 24th day of March, 1908, he took into his possession a certain store building, stock of merchandise therein, and certain other property, situate in the town of Lida, in said county; that at the special instance and request of the said defendant sheriff, made by himself and his agents, duly authorized, one E. D. Allen performed labor and rendered services as custodian of the property, attached as aforesaid, from the 16th day of April, 1908, to and including the 12th day of November, 1908, for which said services and labor the defendant agreed to pay the reasonable value thereof; that said services were reasonably worth the sum of $5 per day, or the aggregate sum of $1,055; that prior to the commencement of the action the said claim for services was, for value, assigned to the plaintiff. From these findings of fact the court found as a conclusion of law that the defendant was indebted to the plaintiff in the sum mentioned, and that he was entitled to judgment accordingly.

The proofs showed that when the writ of attachment was issued the defendant gave the same to one of his deputies residing in Lida, and that this deputy made the levy and for twenty days retained the attached property in his charge. On April 16, 1908, the deputy placed the said E. D. Allen in charge thereof, as custodian or keeper, who remained in possession thereof until the 12th day of November, when upon the written order of the defendant he turned the property over to one W. E. Clark, trustee of the estate of J. W. Tracy, bankrupt; the said J. W. Tracy having been duly adjudged a bankrupt by the United States District Court at Carson on the 28th day of July, 1908, and the said W. E. Clark having by said court been duly appointed trustee thereof on the 9th day of October, 1908.

It is the contention of appellant that the plaintiff was not entitled to recover for the following reasons: (1)

That a deputy sheriff, without being specially authorized, cannot employ and contract for a keeper of attached property, so as to bind the sheriff. (2) Because the sheriff settled in full with his deputy for keeper's fees to September 10, 1908. The further contention is made that, if the sheriff is liable at all to the keeper employed by the deputy sheriff, such liability would not exist after the 28th day of July, 1908, the day the said J. W. Tracy was adjudged a bankrupt.

We think the sheriff was bound by the acts of his deputy in the employment of the keeper. The deputy, by virtue of his deputyship, was authorized to employ, if necessary, a keeper for the attached property. Without determining to what extent a sheriff may be bound by the contracts of his deputy in matters of this kind, it is sufficient, for the purposes of this case, to base the sheriff's responsibility for the employment of the keeper upon the doctrine of ratification. The testimony is to the effect that the sheriff gave the writ of attachment to his deputy to execute the writ, without anything being said whatever regarding the employment of a keeper. The writ could not be executed without taking the personal property into the possession of the sheriff as commanded by the statute. The personal property attached, comprising a stock of merchandise, some lumber, hay, etc., it was necessary that there should be a custodian.

Unquestionably the deputy had power to do whatever was necessary to protect the property under the attachment, and if he had failed so to do the sheriff would have been responsible for any loss by reason of neglect. The deputy remained in charge of the property himself for about twenty days, when, having determined to leave the town of Lida, he placed the attached property in the care of Allen. Upon the same day the deputy testified he notified the sheriff of what he had done, and the sheriff expressed approval of his act. The attached property thereafter remained in the possession of Allen for several months with defendant's knowledge, and was

finally delivered by Allen to the trustee in bankruptcy upon defendant's order to him.  This was a ratification of the deputy's employment of Allen, if such ratification was necessary.

Comp. Laws, 2242, provides: "Each sheriff shall have power to appoint, in writing, signed by him, one or more deputies, who are hereby empowered to perform all the duties devolving on the sheriff of the county; and the sheriff shall be responsible for all the acts of his deputy or deputies.  *  *  *  The sheriff may also require of his deputies such bonds as to him shall seem proper."

The rule governing the responsibility of the sheriff to the custodian of attached property is stated in Cyc. as follows: "Ordinarily, when the sheriff appoints a custodian to keep and care for the attached property, he is liable, either under his express contract or for a reasonable compensation, and the custodian cannot look to plaintiff in the action, and in such an action against the officer it is no defense that he has no claim against another for the performance of such services." (4 Cyc. p. 722.)

See, also, *Chenowith* v. *Cameron*, 4 Idaho, 515, 42 Pac. 503; *Rowley* v. *Painter*, 69 Iowa, 432, 29 N. W. 401; *Hurd* v. *Ladner*, 110 Iowa, 263, 81 N. W. 470; *Lawrenson* v. *McDonald*, 9 S. D. 440, 69 N. W. 586; *Stowe* v. *Butterick*, 125 Mass. 449; *Jones* v. *Thomas*, 14 Ind. 474; *Edinger* v. *Thomas*, 9 Colo. App. 151, 47 Pac. 847.

The rules governing the right of the sheriff to recover from the plaintiff in attachment suits are not controlling in cases of this kind.  The sheriff may protect himself against possibility of loss on account of his necessary disbursements; but he cannot set up any failure upon his part to take proper precautions as a defense to an action by his employee.  It is well settled that the keeper, in the absence of some express agreement with the plaintiff in the action, cannot recover the value of his services from such plaintiff.  Ordinarily, the keeper looks to the sheriff for his compensation, and the sheriff to the plaintiff for his fees and disbursements.  In the absence of some

agreement to the contrary, it is no concern of the keeper whether the sheriff is paid or reimbursed by the plaintiff for the keeper's charges.

There was some evidence offered by the defendant sheriff of a settlement with his deputy for services of the latter as keeper to September 10, 1908. The amount paid the deputy was comparatively trifling, and was less than the proven value of his services for the time the property was in his care. That such a settlement, made without the knowledge of Allen, would not be binding on the latter, requires no comment.

The contention that, because the adjudication in bankruptcy operated to dissolve the attachment, therefore the plaintiff cannot recover from defendant for services as keeper after July 28, 1908, we think without merit. It is not contended that the defendant sheriff notified the keeper of any change in the status of the property, or that he would not, for that or any other reason, be liable further for his compensation as custodian. It may be that the defendant no longer could claim to hold the property as sheriff under the attachment, but rather as bailee for the trustee in bankruptcy; but if he continued to hold it in the latter capacity that situation would not operate of itself, we think, to change the contractual relations existing between himself and the person he had placed in charge as keeper. The defendant had a right to demand and recover his expenses incurred in preserving the property either from the plaintiff in the attachment suit or partly from such plaintiff and partly from the trustee in bankruptcy, and he was bound to look to one or both of them for reimbursement.

Counsel for appellant has raised the further question that the contract with the keeper would be void, because the latter was at the time justice of the peace of Lida township. While, in the absence of examination, this contention does not impress as containing possible merit, we are not called upon to investigate and determine it, for the reason it is raised for the first time upon appeal.. This court has frequently determined that it will not con-

sider questions, not jurisdictional, raised for the first time on appeal.

The judgment is affirmed.

## ON PETITION FOR REHEARING

By the Court, NORCROSS, J.:

Counsel for appellant have filed a petition for a rehearing, basing their contention for the same upon the ground that we erred in allowing any recovery against the appellant as sheriff for the services of the keeper of the attached property after the defendant in the attachment suit was adjudicated a bankrupt. A very careful review of our former decision not only convinces us that it is free from legal error, but a further examination of the facts disclosed by the record relative to the adjudication in bankruptcy convinces us that the assumption that such adjudication operated to dissolve the attachment is erroneous. It was stipulated by respective counsel in the case "that on the 28th day of July, 1908, in the voluntary proceedings in bankruptcy in the District Court of the United States for the State of Nevada, he, said J. W. Tracy, was duly adjudicated a bankrupt."

There is nothing in the record showing when the petition in bankruptcy was filed, and, if there is any presumption to be indulged in, it is that the petition was filed upon the day of the adjudication, for the statute requires no notice of the hearing, but, upon the contrary, contemplates a hearing forthwith and an adjudication or a dismissal of the petition. The statute reads: "Upon the filing of a voluntary petition the judge shall hear the petition and make the adjudication or dismiss the petition. If the judge is absent from the district, or the division of the district in which the petition is filed at the time of the filing, the clerk shall forthwith refer the case to the referee." (30 U. S. Stat. 551; vol. 1, Fed. Stat. Ann. 585 (U. S. Comp. St. 1901, p. 3429); 5 Cyc. 300.)

The writ of attachment in the case of *Wood, Curtis & Co.* v. *J. W. Tracy* was issued March 23, 1908, and the levy was made not later than March 26th; hence more than

four months had elapsed from the time the lien attached before the petition in bankruptcy is shown to have been filed. Only attachment liens which have applied within four months of the date of the filing of the petition in bankruptcy are dissolved by the adjudication in bankruptcy. (30 U. S. Stat. 565; vol. 1, Fed. Stat. Ann. 542, 693 (U. S. Comp. St. 1901, pp. 3422, 3450); *In re Ferguson* (D. C.) 95 Fed. 429; *In re Westlund* (D. C.) 99 Fed. 399; *Bear* v. *Chase*, 99 Fed. 920, 40 C. C. A. 182.)

So far as the record in this case shows, the appellant was in the legal possession of the attached property from the date of the levy until the possession was surrendered to the trustee in bankruptcy.

The petition for a rehearing is denied.