[Civil No. 3646.   Filed February 3, 1936.]

[53 Pac. (2d) 1085.]

FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a Corporation, Appellant, v. J. R. McFADDEN, Sheriff of Maricopa County, Appellee.

Messrs. Silverthorne & Van Spanckeren, for Appellant.

Mr. James E. Nelson, for Appellee.

ROSS, J.—This action was commenced by J. R. McFadden, sheriff of Maricopa county, against William H. Stowe as principal and Fidelity and Deposit Company of Maryland as surety on a bond of indemnity.

On April 6, 1932, in an action in the superior court of Maricopa county, wherein Stowe was plaintiff and E. R. De Witt was defendant, there was sued out a writ of attachment directed to the sheriff, and upon receiving the writ, the sheriff required Stowe to execute and deliver to him an indemnity bond to secure him against loss. The attorney for Stowe was also the attorney-in-fact for the surety company and executed the indemnity bond.

The same day the sheriff received the writ of attachment he was by Stowe's attorney instructed in writing as follows:

" . . . You are hereby requested to levy upon:

"30 Jersey Heifers and Calves now being pastured on a desert just east of Chandler, and to leave same in charge of Mr. Fred McIntyre.

"By placing Mr. McIntyre in charge, you are hereby relieved of any liability or responsibility for any loss or damage to said cattle while in his charge."

The sheriff's return on the writ shows it was levied upon 19 Jersey heifers, 10 Jersey steers, 7 Holstein heifers, and 9 Holstein steers, being pastured by McIntyre on the desert east of Chandler. The stock

was left with McIntyre, who had it on pasture, as requested by plaintiff's attorney. The discrepancy in description of property is immaterial; it appearing that the property attached is the property plaintiff intended in his request should be attached and left with McIntyre.

In an action brought September 8, 1932, by Willmirth G. De Witt, the attached property was adjudged to belong to her, and she was given a judgment for $540.50 against McFadden, sheriff, for damages to the property while in the care of McIntyre, for failure on his part properly to feed and care for the stock. This judgment Sheriff McFadden paid, and he now seeks to recover it, together with interest and costs, from the principal and the surety on the indemnity bond. He was successful below, and the surety company has appealed.

■ The property attached was not the property of the attachment debtor but belonged to Willmirth G. De Witt. The law does not give to the officer authority to attach anyone's property other than that of the attachment debtor, found in the officer's county. Sections 4246, 4247, Rev. Code 1928. When such officer attached and took possession of the cattle as the property of E. R. De Witt, he immediately became liable to their true owner for their return or their value, together with any damages such owner might suffer by reason of such unlawful seizure or detention. This consequence no doubt was known to the sheriff when he was asked to levy the writ on the cattle on pasturage with Fred McIntyre, and he required the plaintiff to execute and deliver to him the indemnity bond to secure him if the property turned out to be someone's other than the attachment debtor's.

Appellant's position is that the indemnity bond only protected the sheriff in the seizure of the prop-

erty and its retention pending the determination of its disposition or until it was legally taken from the sheriff's custody, and that the surety thereon is not liable for any damages to the property caused through negligence in not properly feeding and caring for the stock; in other words, that the bond does not indemnify the sheriff against his own negligence or wrongs or those of his keeper. Appellant cites a case which says:

"The sureties on the indemnifying bond were not liable for the negligence or misconduct of the sheriff in keeping the [attached] property." *Smokey* v. *Peters-Calhoun Co.*, 66 Miss. 471, 5 So. 632 (14 Am. St. Rep. 575).

This case does not set out the statute authorizing the indemnity bond nor the provisions of the bond, and for these reasons we do not know whether what the court said is in point here. The pertinent part of our statute reads:

"§ 4248. . . . The officer shall levy the writ at his own risk, but he may require the plaintiff in attachment to execute and deliver to him a bond of indemnity to secure him if it should afterward appear that the property levied upon by him does not belong to the defendant."

This part of section 4248 is found in the Revised Statutes of 1901 as section 344. It is a part of the attachment laws of the state and was taken from Texas. See article 287, Vernon's Ann. Civ. Stats. Tex. It will be noted that the terms and conditions of the indemnity bond are not prescribed by section 4248, *supra*. It is designated as "a bond of indemnity to secure" the officer. The Texas courts in construing their article 287, *supra,* seem to recognize the right of the makers of the indemnity bond to fix its terms and conditions, and we see no reason why that is not as it should be. *Coppard* v. *Gardner*, (Tex. Civ.

App.) 199 S. W. 650; *Stevens* v. *Wolf,* 77 Tex. 215, 14 S. W. 29.

The bond given the sheriff in this case was for $1,000. It recited that, whereas the sheriff was commanded in the writ of attachment to attach and safely keep so much of the property of the defendant De Witt as would be sufficient to satisfy the sum of $751.39, and whereas said sheriff "was expressly directed to attach thirty (30) Jersey heifers and calves designated by plaintiff," now, if the said principal Stowe does well and truly indemnify and save harmless the sheriff of and from all charges and against all loss and liability he shall sustain or in anywise be put to by reason of the levy, sale, or retention in his custody of the property under said writ, then the obligation to be void, otherwise in force and effect.

There is no question but that the damages to the cattle through a failure properly to care for them are, in terms, within the conditions of the bond. The surety agrees that Stowe, the attachment creditor, will protect the sheriff against all charges, loss, and liability he may sustain or be put to by reason of the levy upon or *retention* of the cattle in his custody and, if he does not do so, the surety will. It is true, of course, that it was the duty of the sheriff to feed and properly care for the cattle after he took them into his possession. The obligation of his official bond and oath would hold him to that duty. We think it may be said also that public policy would not permit him to contract against liability for his personal negligence in caring for and feeding the cattle while in his actual possession. In the present instance, however, it appears that the plaintiff in the attachment proceeding requested that the cattle be left on the pasturage, and where the owner thereof had them,

that is, with Fred McIntyre, and that is what was done, the sheriff taking McIntyre's receipt therefor. If the cattle were not fed and properly cared for, and if they were damaged in the sum of $540.50, it was due to McIntyre's negligence and not the personal negligence of the sheriff. If, under the circumstances, the negligence of McIntyre may be imputed to his principal, then the sheriff would doubtless be liable. But it is said in 6 Corpus Juris 316, section 618:

"Where the attaching creditor, or his attorney, consents to the officer's taking a receipt for the attached property, and approves of the receiptor, the officer is generally held to be relieved from all liability for losses not occasioned by his neglect or misfeasance, although a contrary view has been asserted in Vermont." And the cases cited thereunder sustain the text.

In *Citizens' Nat. Bank* v. *Loomis,* 100 Iowa 266, 69 N. W. 443, 446, 62 Am. St. Rep. 571, we find this statement of the rule:

"There can be no doubt that the officer levying the attachment had the right to deliver the property to Griffith, the receiptor, by direction of the judgment creditor, the plaintiff in that action; and, if he did so by the direction of said plaintiff or his attorney, he would be relieved from personal liability. *Davis* v. *Maloney,* 79 Me. 110, 8 Atl. 350; *Shepherd* v. *Hall,* 77 Me. 569, 1 Atl. 696; Drake, Attachm. (7th Ed.) § 361; *Jenney* v. *Delesdernier,* 20 Me. 183; *Willard* v. *Goodrich,* 31 Vt. 597; *Strong* v. *Bradley,* 14 Vt. 55; *Donham* v. *Wild,* 19 Pick. [Mass.] 520 [31 Am. Dec. 161]; 1 Shinn, Attachm. § 392. It is said in Freeman on Executions (2d Ed., § 108): 'One inquiry will be answered here. Who is entitled to control the writ? The officer should always bear in mind that the writ is intended for the benefit of the plaintiff, who alone is interested in its enforcement. The interests and wishes of the plaintiff should at all times be respected. . . . But all directions of the plaintiff

not savoring fraud nor undue rigor and oppression must be obeyed, or the officer will be held liable for injuries flowing from his disobedience.' ''

The negligence of McIntyre should be imputed to the attachment creditor and not to the sheriff.

The bond in this case was executed for the surety by its attorney-in-fact, who was also the attorney for the principal in said bond, and it was he who assured the sheriff that, if he would attach the cattle pointed out to him and leave them with McIntyre, he would be ''relieved of any liability or responsibility for any loss or damage to said cattle while in his charge.'' And the indemnity bond also proposed to indemnify him against all loss he was put to in attaching the identical cattle levied upon.

It is argued by appellee that, because the attorney for the attachment plaintiff was also the attorney-in-fact for the surety company and was in possession of all the facts, the surety company is estopped from denying liability on the bond. But it is not necessary to decide whether that is so or not. We hold that the parties to the indemnity bond, under the statute authorizing it, could make its conditions broad enough to indemnify the sheriff against any damages to the cattle through the negligence of a keeper or receiptor chosen by the attaching creditor, while being held by the sheriff under the writ of attachment, and that in this instance they did so condition the bond.

Accordingly, the judgment is affirmed.

LOCKWOOD, C. J., and McALISTER, J., concur.