ACRES *v.* HANCOCK.

Where a plaintiff dismisses his suit, he is liable for all the costs legally made in the case, and not alone for those that may be taxed at the time the suit is dismissed.

A plaintiff cannot, by dismissing his suit, and paying costs before the return of the writs and process in the hands of the officer, avoid the payment of the costs made thereon.

Where a transcript from a justice of the peace, does not show the amount of the costs in the case, the District Court may require the justice to certify to that court, the amount of such costs.

*Appeal from the Delaware District Court.*

THIS case was commenced before a justice of the peace, and taken by plaintiffs to the District Court by writ of error. From the return of the justice, it is shown that on the 4th of November, 1854, the plaintiffs filed their petition, under oath, alleging that defendant forcibly detained the possession of a certain house, and that notice issued, and was delivered to plaintiffs, returnable on the 8th of the same month, at 10 o'clock, A. M.; that a subpœna was issued on the part of defendant, and on the 7th, at defendant's request, a venire for a jury. On the 8th, between 9 and 10 o'clock, A. M., "the plaintiffs appeared and withdrew their suit, and paid all the costs charged on the docket to that time. Subsequently, (and about 12 o'clock, as the justice states,) the venire was returned; the defendant asked a nonsuit; and the plaintiffs claimed that they were only bound for the costs charged on the docket, at the time they withdrew their suit. The magistrate adjudged plaintiffs to be in default,

and that they pay the costs.   It appears that the transcript of the magistrate did not show the amount of the costs, nor that he rendered judgment for any specific sum; that the District Court permitted him to certify, by way of amended return, the fee bill; and for the amount so certified, and the costs in that court, rendered judgment for the defend- ant.   The plaintiffs appeal.

*A. E. House*, for the appellants.

No appearance for the appellee.

WRIGHT, C. J.—Appellants claim that the District Court erred in affirming the proceedings before the justice, because the justice erred in the following particulars: *First.* In sus- taining defendant's motion for a nonsuit, after plaintiffs had withdrawn their action. *Second.* In rendering judgment before the original notice was returned, and when he had no jurisdiction; it not appearing that said notice was ever served.   They also urge that the court erred in permitting the justice to certify the amount of the costs made before him.

This judgment must be affirmed.   It could make no pos- sible difference, so far as plaintiffs' rights were concerned, whether the justice rendered judgment, as in case of non- suit, when they voluntarily withdrew their action, or whe- ther it was rendered on the defendant's motion.   The con- sequences would be the same to them, in either event.   So far as relates to the question of jurisdiction, and rendering judgment before the notice was returned, it is sufficient to say, that if the defendant voluntarily appeared, (as he did in this case,) it is immaterial whether any notice was ever issued, much less whether the one issued, was ever served. When the plaintiffs filed their petition, and the notice was issued, the magistrate had jurisdiction, as far as they were concerned, and though the defendant was not served, yet if he voluntarily appeared, the notice, so far as related to the

jurisdiction of the court over the persons of both parties, was an unimportant and immaterial paper.

But it is said that plaintiffs were required to pay more costs than were taxed on the justices' docket, at the time they dismissed their suit. This is true, and in this we think there was no error. They were bound for all the costs legally made in the case, and not alone for those that might at that time be taxed on the justices' docket. They could not, by dismissing their suit, and paying costs before the return of the writs and process in the hands of the officer, avoid the payment of those costs made thereon. The District Court acted entirely within the sphere of its duty, in requiring the justice to certify the amount of costs made before him.

Judgment affirmed.