## ROWLEY v. PAINTER.

1. **Sheriff:** AID IN GUARDING ATTACHED PROPERTY: WHO PAYS FOR. Where a sheriff employs persons to aid him in guarding attached property, he is personally liable to them for the reasonable value of their services; and he must look for reimbursement to the court, which should allow him "the necessary expenses of keeping the attached property, to be paid by the plaintiff, and taxed in the costs." Code, § 3013.

*Appeal from Polk Circuit Court.*

THURSDAY, OCTOBER 7.

ACTION upon an account for services. There was a trial to the court without a jury, and judgment was rendered for the defendant. The plaintiff appeals.

*C. P. Holmes*, for appellant.

*Cummins & Wright*, for appellee.

ADAMS, CH. J.—The defendant at the time the services were performed was sheriff of Polk county. The services consisted in watching and caring for a stock of goods which the defendant, as sheriff, was holding under a writ of attachment. The amount claimed is less than $100, and the case comes to us upon a certified question, which is in these words: "Where a sheriff has custody of property under a writ of attachment, and employs a party to look after and care for such property, without making any contract · with such employe as to the amount of compensation he is to receive for such services, or as to when the same is to be paid, and where the party so employed has knowledge at the time of employment that the sheriff has such property by virtue of a writ of attachment, can such employe recover, in an action against the sheriff personally, the reasonable value of such services, or is his only remedy to have the value of the services taxed as costs, under section 3013 of the Code?"

The sheriff, upon attaching personal property, must take the same into his custody, and be responsible therefor. He must, of course, be the judge as to what assistance, if any, he needs to enable him to maintain the custody of the property, and properly care for the same. Whatever assistance he employs is his assistance, and we think that his employes have a right to look to him for payment. We think that this is to be inferred from the section of the Code referred to in the certificate. That section provides that " the sheriff shall be allowed by the court the necessary expenses of keeping the attached property, to be paid by the plaintiff, and taxed in the costs." The provision seems to us to contemplate that the necessary expense of keeping the attached property is the sheriff's expense, and that the allowance therefor is to be made to him. It is urged, to be sure, by

the defendant, that if he is to be regarded as liable he may be held in some court for a larger amount than the court which taxes the costs might be willing to allow him.   But to our minds this consideration is not one of great weight. If it were valid, it would apply in every case where a person acting in an official or representative capacity incurs expense for which he is entitled to a reasonable allowance.   If he desires to protect himself, he may do so by special contract with his employe.   In our opinion, the plaintiff was entitled to recover the reasonable value of his services from the defendant.

REVERSED.