COON v. McCORMACK ET AL.

1. **Appeal to Supreme Court:** DISMISSAL: SUPERSEDEAS BOND.
   Where an appeal to the supreme court has been perfected, and a *super-sedeas* bond given, conditioned for the payment of the judgment appealed from in case it is affirmed, and the appeal is dismissed for want of prosecution, this, in effect, amounts to an affirmance of the judgment, and renders the makers of the *supersedeas* bond liable.

*Appeal from Polk Circuit Court.*

THURSDAY, OCTOBER 14.

ACTION on a *supersedeas* or appeal bond. Judgment was rendered for the plaintiff, and the defendants appeal.

*Nugent & Gibbs*, for appellants.

*M. D. McHenry*, for appellee.

SEEVERS, J.—The petition states, in substance, that the plaintiff recovered a judgment in the circuit court against the defendant McCormack, which he duly appealed to the supreme court, and superseded the judgment by giving the bond sued on, which is in the statutory form, and is conditioned that the appellant will "satisfy or perform the said judgment  *  *  *  appealed from in case it shall be affirmed, and any judgment or order which the supreme court may render, or order to be rendered, by the said court." The petition further states that, the "defendant having failed to prosecute his appeal,  *  *  *  the plaintiff  *  *  *  moved the court to affirm said judgment, and dismiss the appeal," and that the supreme court did dismiss the appeal, and that the defendant had failed to pay the judgment appealed from; wherefore judgment was asked. The defendant answered the petition, and in substance admitted the material allegations thereof, and

alleged that the supreme court neither affirmed nor reversed the said judgment, * * * but dismissed said appeal, with judgment for costs against said defendant;" and that they have paid the judgment rendered by the supreme court, and therefore have fully complied with the conditions of said bond. To this answer the plaintiff demurred, on the ground that the dismissal of the appeal was equivalent to an affirmance of the judgment. The demurrer was sustained, and we are required to determine whether or not, in so doing, the court erred.

II. The effect of the appeal and *supersedeas* was to suspend process on the judgment, and prevent the plaintiff from enforcing it until the appeal was disposed of. The supreme court neither affirmed nor reversed the judgment, but dismissed the appeal. The judgment therefore remained in full force, and the legal effect of the dismissal was to affirm the judgment of the circuit court. The word "affirm," as used in the statute and bond, should not be construed in a narrow and strictly technical sense, but a broad and comprehensive meaning should be attached thereto; that is to say, if the legal effect of the dismissal is to affirm the judgment, then the latter includes the former, and both mean the same thing. It will be conceded that there may be cases where a dismissal would not amount to an affirmance, as when an appeal has not been perfected by the service of the requisite notice. But when the appeal has been perfected, and it is dismissed by the supreme court, the ordinary rule and effect is that it amounts to an affirmance, and he who asserts the contrary must plead and establish such fact. This the defendants have failed to do. On the contrary, it sufficiently appears that the appeal was duly perfected, and on motion of the plaintiff was dismissed.

There is incorporated in the record what purports to be the motion made in the supreme court, but we cannot see how it legitimately forms a part of the record in this case. it is not referred to in the pleadings filed by either party,

and therefore it cannot be a part of the record. If, however, it is, we desire simply to say that the result reached would not be changed if we should consider it. When the demurrer was sustained, the defendants were required to plead further by a named time. This they failed to do, and judgment against them was rendered by default, which they moved to set aside on the ground that the answer presented an issue of fact not reached or disposed of by the demurrer. But we think there was no defense pleaded except the single one of the effect of the dismissal of the action in the supreme court. The answer seems to have been drawn for the purpose of presenting this defense only.

AFFIRMED.