FRANKEL v. THE CHICAGO, BURLINGTON & PACIFIC R'Y CO.
ET AL.

1. **Railroads:** CONDEMNATION OF RIGHT OF WAY: SALE OF ROAD PEND-
ING APPEAL: LIABILITY OF PURCHASER FOR COSTS. Where a railroad
company condemns right of way, and then appeals from the award of
the jury, and the costs of the appeal are taxed to it, but pending the
appeal the company sells its road to another company, and itself be-
comes insolvent, *held* that the purchasing company is liable to the land
owner for the costs of the appeal, and that they should be declared a
lien on the land taken by condemnation.

2. **Decree:** ENFORCING JUDGMENT FOR COSTS: FORM OF. A decree en-
forcing a judgment for costs, where plaintiff has not paid all of the
costs, should provide for payment to the clerk, to be by him distributed
to the persons entitled thereto.

3. **Judgment for Costs:** WHAT IS. Where the record showed an entry
in these words: "Judgment for costs taxed at $—," *held* that this was
a valid judgment for the costs in the case.

*Appeal from Mahaska Circuit Court.*

SATURDAY, DECEMBER 18.

ACTION in chancery to enforce against the Central Iowa
Railway Company certain judgments for costs recovered by

plaintiff in the circuit court of Mahaska county, upon appeals by the Chicago, Burlington & Pacific Railway Company, in proceedings under the statute, instituted for the condemnation of land owned by plaintiff, over which the railroad now owned by the Central Iowa Railway Company, was constructed. There was a decree granting the relief prayed for by plaintiff. The Central Iowa Railway Company appeals.

*J. H. Blair* and *A. C. Daly*, for appellant.

*J. F. & W. R. Lacey*, for appellee.

BECK, J.—I. The undisputed facts in the case necessary to be considered in order to determine the case are these:

**1. RAILROADS: condemnation of right of way: sale of road pending appeal: liability of purchaser for costs.** The Chicago, Burlington & Pacific Railway Company, in the construction of its railroad, instituted two proceedings for the condemnation of land owned by plaintiff, over which its road was about to be constructed. After the damages were assessed, the railroad company deposited the money in the hands of the sheriff, and appealed the cases to the circuit court. While these appeals were pending, the Central Iowa Railway Company acquired the railroad built by the other company. The plaintiff alleges that the purchase was under a contract between the two railroad companies made before the condemnation proceedings involved in this case were instituted. This is denied by defendant; but, for the purposes of the case, it may be admitted that no such such contract was made. In one of the condemnation cases, after appeal, the amount of the recovery was agreed upon by the parties, being $50 less than was awarded by the sheriff's jury. The costs were not paid, but a judgment was rendered therefor against the Chicago, Burlington & Pacific Railway Company. In the other case there was a trial, and plaintiff's damages were awarded at $50 less than the amount recovered in the original condemnation proceedings, and

judgment for costs was rendered against the Chicago, Burlington & Pacific Railway Company. The Central Iowa Railway Company was not a party to these cases. The Chicago, Burlington & Pacific Railway Company is insolvent, and, in fact, defunct.

II.   In view of these facts, it is our opinion that plaintiff is entitled to recover the costs against the Central Iowa Railway Company, and to enforce the judgment therefor as a lien against the railroad, or any part thereof. After the assessments of damages by the sheriff's jury, the railroad company was authorized to deposit with the sheriff the amount thereof, and enter upon the land. It was authorized to appeal, but, in case it did so, the money deposited was to be retained by the sheriff until the case should be disposed of on the appeal. Code, §§ 1254, 1255. Upon the appeal, the assessment of the sheriff's jury may be increased or diminished. If diminished, the sheriff shall pay to the landowner only the amount assessed upon the appeal; if increased, he shall remove the railroad company, and those acting under it, from the land. Code, §§ 1258, 1259. No judgment is to be rendered for the damages assessed on the appeal. The obvious reason for this provision is that the damages are required to be deposited with the sheriff before entry upon the land, and, if the damages are increased, the judgment is to be enforced by turning the company out of possession of the land; but judgment for costs is to be rendered. Code, § 1257.

While the Central Iowa Railway Company was not a party to the condemnation proceedings or appeals, yet, upon its acquisition of the railroad, the law charges it with notice thereof, for they were then pending. The appeals were prosecuted for the benefit of that company, even if the money had been deposited by the Chicago, Burlington & Pacific Railway Company, for the reason that a judgment could have been recovered for a sum in excess of the assessment by the sheriff's jury, which it would have been required to pay, or have been dispossessed of the land. The Iowa Central Railway Company

had notice of the pendency of the appeal. When it acquired the road, it had an interest in the litigation upon the appeals, which must be presumed to have been prosecuted for its benefit alone, and it does not appear that the other company, if solvent, had any interest under any contract or warranty binding it to pay all liabilities incurred for right of way.

But the Central Iowa Railway Company acquired no absolute estate in the lands of plaintiff condemned by the sheriff's jury until the judgment upon the appeals had been rendered, for it was liable to be ousted therefrom, as we have above shown. Now, as that company had notice of the pendency of the appeal, and had an interest therein, and did not acquire an absolute right in plaintiff's lands until the appeals were disposed of, and as it must be presumed that the appeals were prosecuted in its interest by the other company, which is insolvent, and now defunct, the plainest equity demands that it should take the place of the Chicago, Burlington & Pacific Railway Company, and respond to all its liabilities incurred in the appeal. The liability for the costs was incurred in the acquisition of plaintiff's lands. They are a part of the purchase price, as it were, of these lands; being added in the damages, both together constituting the price thereof which the Chicago, Burlington & Pacific Railway Company was required to pay. The law assesses the costs as a part of the debt of that company for the lands. Upon the clearest principles of justice and equity, and in accord with the analogies of remedies often enforced in courts of equity, the Central Iowa Railway Company ought to be held liable for the judgment for costs, which should be declared a lien upon the land taken from plaintiff in the condemnation proceedings.

III. It is urged that plaintiff has not paid all the costs taxed against the defendant. He surely can recover for the 2. DECREE: costs he has paid, and, as he is liable for the enforcing judgment for balance, he ought to be protected by a decree costs: form which will enforce their payment by defendant The decree of the court below may be modified so as to pro-

vide that the costs, when collected, shall be paid by the clerk of the circuit court to the parties entitled thereto.

IV. Defendant's counsel insist that there was no judgment for costs in the circuit court. In each case the record shows an entry in the words, "Judgment for costs, taxed at $————." This is the uniform practice of entering judgments. Probably it is usual for the amount of the costs to be entered after the term, when the clerk finds time to tax them. But the judgment is *for the costs*, which the clerk is authorized to tax, at any time he may fill the blank. The costs are often retaxed, when the amount, even should the blank have been filled, could be changed. The cases cited by defendant's counsel are not in conflict with our conclusion on this point.

3. JUDGMENT for costs: what is.

We have considered with attention all positions argued by defendant's counsel, and the authorities cited by them, but they are not in conflict with the broad and solid equity upon which we base our conclusions.

The decree of the circuit court will be affirmed, except so far as it must be modified in order to comply with our conclusions and order set out in point three of this opinion.

AFFIRMED.