## PHELAN v. JOHNSON.

1. **Appeal:** JUDGMENT ON SUPERSEDEAS BOND: JURISDICTION. This court may enter a valid judgment against the surety on a *supersedeas* bond without notice to him. Such notice is not required to give this court jurisdiction, as he is not a party to the action.

2. —— : —— : RENDITION OF AFTER DISMISSAL OF APPEAL: REMEDY. The surety upon a *supersedeas* bond, against whom judgment has been entered in this court, cannot in another court enjoin the enforcement of the judgment by execution, on the ground that the judgment was erroneously entered after the appeal was dismissed. If such error was committed, he should have come into this court, and, upon a showing of the facts, had the judgment set aside.

3. —— : —— : COLLUSION AND FRAUD: REMEDY. Nor can the surety in such case so enjoin the enforcement of the judgment on the ground that it was the result of collusion and fraud upon the part of the parties to the suit. If that were true, it might be ground for setting aside the judgment in proper proceedings, but not for enjoining its execution as if it were void.

4. —— : —— : INJUNCTION: JURISDICTION. Under section 3396 of the Code, providing that an action to enjoin proceedings on a civil action, or on a judgment, must be brought in the county and court in which such action is pending or the judgment was obtained, *held* that the district court of Jasper county had no jurisdiction to enjoin the execution of a judgment rendered upon a *supersedeas* bond by this court in Polk county.

*Certiorari to Jasper District Court.*—Hon. J. K. Johnson, Judge.

Filed, June 4, 1890.

*Phillips & Day*, for plaintiff.

*Cole, McVey & Clark*, for defendant.

BECK, J.—I. The petition alleges that plaintiff recovered a judgment in the supreme court against Michael Phelan, as principal, and Daniel Phelan, as surety, on a *supersedeas* bond, upon which an execution was issued to the sheriff of Jasper county for the

collection of the judgment, and that, upon the petition of Daniel Phelan, filed in the office of the clerk of the district court of Jasper county, the Hon. J. K. JOHNSON, one of the judges of the sixth judicial district, allowed an injunction, which was issued, restraining the sheriff, who was, with the plaintiff herein, made a defendant, from enforcing the execution. The petition alleges that, in the allowance of the injunction, Judge JOHNSON exceeded his jurisdiction and acted illegally.

The return to the writ of *certiorari*, as the only grounds for the exercise of jurisdiction in allowing the injunction, sets out in full the petition upon which it was allowed, the material allegations whereof are in the following language : "Par. 2. The plaintiff avers the fact to be that in truth there is no valid judgment existing against this plaintiff in favor of the said Mary Ann Phelan ; that this plaintiff was no party to the suit between Mary Ann Phelan and Michael Phelan, and was never served with any notice of the pendency of the action in favor of said Mary Ann Phelan, either in the district court of Polk county, Iowa, where the suit originated, or in the supreme court of the state of Iowa, or in any other court ; that this plaintiff has never had any notice whatever of any such suit in either of said courts, nor has he had any opportunity to defend against the same ; that said judgment is void for want of jurisdiction ; that said judgment purports to have been rendered on or about the eleventh day or February, 1890. Par. 3. That long prior to the date of said judgment the case of Mary Ann Phelan *v.* Michael Phelan was pending on appeal in the supreme court of Iowa, and that long prior to said judgment the appellant dismissed said appeal, and that there was no case in the supreme court at the time said judgment was rendered, and there was no jurisdiction over said defendant. Neither had the court any jurisdiction in said cause at the time such pretended judgment was rendered by said court. Par. 4. The plaintiff further avers that at the April term of the district court of

Polk county, Iowa, 1889, there was pending the original case, herein referred to, of Mary Ann Phelan *v.* Michael Phelan, the same being a suit for divorce and alimony ; that at said term the district court awarded temporary alimony in favor of Mary Ann Phelan in the sum of about two hundred and fifty dollars, with twenty dollars per month additional.   From said judgment an appeal was taken by the said Michael Phelan to the supreme court of Iowa, but no *supersedeas* bond was given, and said judgment was not superseded.   Par. 5.   The plaintiff charges the fact to be that said suit is collusive and fraudulent, and that said judgment was obtained by fraud on the part of the said Mary Ann Phelan, defend ant herein, and that said pretended judgment referred to in the first paragraph of this petition is pretended to be based upon said judgment so rendered by the district court of Polk county, Iowa, in the suit of Mary Ann Phelan *v.* Michael Phelan, herein referred to.   The plaintiff says that the said Mary Ann Phelan is a Catholic, and a communicant of the Catholic Church, in regular attendance upon all its services and masses, and pretends to be a devout Catholic ; that, by the rules and regulations of said church, the communicants therein are absolutely prohibited, under severe penalty of excommunication, from bringing suit for divorce or alimony, and that the case above referred to of Phelan *v.* Phelan was brought for an absolute divorce, with all the allegations required by statute for a divorce, and that the alimony so granted was in contemplation of said divorce, and that such divorce proceedings be prosecuted to final judgment.   Plaintiff avers that he did not then know of the fraudulent character of said suit, but he has since learned that the said suit was not brought in good faith ; that said judgment was not obtained in good faith, and that said Mary Ann Phelan, and her agents and advisers, have frequently, since the obtaining of said judgment, given out and stated to divers and sundry persons that she did not intend to prosecute said suit to final judgment ; that she did not

Phelan v. Johnson.

intend to procure a divorce from said Michael Phelan; and that she would eventually dismiss said suit, and all of which was a fraud upon the court which rendered said judgment, and a fraud upon this plaintiff, who has been wrongfully adjudged to pay said alimony; and that he will, notwithstanding the fraud, be compelled to pay the same, unless the sheriff is enjoined from the collection of said judgment, which is void both for want of jurisdiction, and on account of the fraudulent character of the same. Par. 6. That unless the sheriff of Jasper county, Iowa, is enjoined and restrained from proceeding under said execution, he will, to the great and irreparable injury of plaintiff, proceed to seize the property and rights of this plaintiff; and he is without remedy in a court of law. Par. 7. The plaintiff avers the fact to be that there is now pending in the district court of Polk county, Iowa, in said original action of Mary Ann Phelan v. Michael Phelan, which is still pending and undetermined, a cross-petition to set aside and cancel the judgment for alimony heretofore entered therein, on the ground that the same was obtained by fraud, and that the said suit is not to be prosecuted in good faith, but solely for the purpose of annoying the plaintiff, and obtaining a large payment of money under pretense of using the same for prosecuting the suit for divorce, but in fact with the intention of eventually abandoning said suit for divorce; that this plaintiff is without any course or remedy except to enjoin the sheriff from proceeding under the fraudulent and void execution."

II. The allegations in the second paragraph of the petition, to the effect that plaintiff therein was not a party to the action in the supreme court, and that no notice was served upon him, fail to show that the judgment against him is void for want of jurisdiction. If the allegations be true, he would, were he a surety on a *supersedeas* bond, be bound by the judgment; and the records of this court show such to be the fact. Nor does

1. APPEAL: judgment on supersedeas bond: jurisdiction.

the plaintiff show in the petition upon which the injunction was allowed that the judgment recited in the fourth paragraph was the judgment superseded. The records of this court show that it was not. We do not refer to the records to establish the facts stated, but to show how exactly they are in accord with the presumptions which the law requires us to exercise. A surety on a *supersedeas* bond is not a party to the suit, and no notice is required to be served upon him; yet the judgment may run against him.

III. The petition alleges that there was a judgment against the plaintiff rendered by this court, but it alleges

2. ——: ——: rendition of after dismissal of appeal: remedy.

that the appeal was dismissed before the judgment was entered. The plaintiff in the injunction suit cannot have the errors corrected, if there be any committed by this court in rendering judgment after the appeal was dismissed. He ought to have come into the court, and made proper showing of the facts he alleges, if he were able to do so, and ask that the judgment be set aside, which, upon a sufficient showing, would have been done at once.

IV. It is alleged in paragraph 5 of the petition that the suit is collusive and fraudulent by reason of the

3. ——: ——: collusion and fraud: remedy.

matters alleged therein. It may be assumed, for the purpose of the case, that, if these facts were established in a proper proceeding, the judgment would be set aside. But it cannot be claimed that until this is done the judgment is to be regarded as void. The judgment is not shown by the petition to be void. It is only shown to be voidable.

V. Under section 3396 of the Code, a suit to enjoin an action or a judgment must be brought in the county

4. ——: ——: injunction: jurisdiction.

and court in which such cause is pending or the judgment was obtained. Under the express language of the provision, the district court of Jasper county had no jurisdiction in the case, and the judge allowing the injunction acted with jurisdiction. The following cases cited by defendant's counsel were decided under section 3778

of the Revision of 1860, which is materially different from the section of the Code above cited: *Davis v. Bonar*, 15 Iowa, 171; *Massie v. Mann*, 17 Iowa, 131. In *Arnold v. Hawley*, 67 Iowa, 313, which was followed in *Insurance Co. v. Waterhouse*, 78 Iowa, 674, it was held that, when a judgment is absolutely void by reason of want of notice, whereby jurisdiction is not required, an action to cancel it may be brought in any court of competent jurisdiction, as well as in the court in which it was rendered, or in another court in the county wherein the court was held which rendered the void judgment. Other cases cited by counsel, holding that a void judgment or process thereon may be enjoined, are not applicable to the question involving the inquiry as to the proper court in which an injunction should be sought.

VI. We need not determine now whether we would entertain an original injunction proceeding, to set aside for fraud a judgment rendered in this court. It will be time enough for us to decide that question when a case arises which presents it. It is very clear that if we would not entertain such a case, under Code, section 3396, it should be commenced in Polk county, wherein this court is held, or, if the case wherein this court rendered judgment is pending in the court below, it should be commenced in the proper court of the county in which the action is pending.

It is our conclusion that the injunction was allowed without jurisdiction. Proper order and judgment will be entered setting aside the injunction, and directing the dismissal of the action wherein it was issued.

JUDGMENT FOR PLAINTIFF.