GEORGE A. JEWETT *et al.*, Appellants, v. J. P. SHOEMAKER
*et al.*

Appeal: ENFORCEMENT OF SUPERSEDEAS BOND. The sureties on a su-
1  persedeas bond cannot avail themselves, in resisting enforcement
of the bond, of a defense which their principal might have inter-
posed to the affirmance of the judgment.

Judgment on supersedeas bond. On affirmance of a judgment the
2  appellate court may enter judgment against the sureties on the
supersedeas bond, under Code, section 4140, without notice of
the motion therefor.

Adjudication. The entry of judgment on a supersedeas bond by the
3  appellate court, to which appearance and objection was made by the
sureties, is conclusive in a subsequent action to restrain enforce-
ment of the bond.

*Appeal from Pocahontas District Court.*— HON. A. D.
BAILIE, Judge.

WEDNESDAY, JULY 13, 1904.

SHOEMAKER & ANDERSON recovered judgment in the
district court of Pocahontas county against the Commercial
Mutual Insurance Company of Des Moines for $1,035.60
and costs on the 16th day of January, 1899. Thereafter
notice of appeal was served upon the clerk of court, and an
attempt made to serve the same upon the judgment plaintiff.
In October following, the insurance company filed with the
clerk of the district court a supersedeas bond, conditioned as
provided in section 4128, Code, with the plaintiffs as sureties.
Thereafter an abstract was filed with the clerk of this court,
asserting that, " within six months from rendering judgment,
the defendant gave notice of appeal in said cause, served
the same on the plaintiffs and on the clerk of said court, and
perfected said appeal in all things as required by law." In
January, 1901, the appellees therein, Shoemaker & Anderson,

asked for the certification of the record, including the supersedeas bond, and moved that the judgment be affirmed, and also that judgment be entered against the sureties.　The company then asked for a continuance, which was denied.　On May 3, 1901, the appellee therein again moved for judgment on the bond against the sureties, showing a dismissal of the appeal, which operated to affirm the judgment of the district court.　This was resisted by the sureties on the grounds: (1) that they were not notified of the pendency of the motion; (2) that the court had lost jurisdiction through the dismissal of the appeal at a former term of court; (3) that they had a complete defense and were entitled to be heard; (4) that, as the appeal was dismissed, the provisions of section 4140 of the Code did not apply; and (5) that the motion failed to set out the notice of appeal and return.　This was re-enforced by an affidavit of their attorney to the effect that they had a good defense, and a further statement in resistance that no notice of appeal had ever been served, and that the court was without jurisdiction.　No showing concerning the service of notice, additional to that quoted from the abstract, was made. Appellee moved that the papers filed by the sureties be stricken on the ground that they were not parties to the action. This motion was not ruled on, but the motion for judgment was sustained, and judgment entered against the sureties. Thereupon execution was issued, and in this action the sureties seek to enjoin the enforcement of the judgment on the ground that the notice of appeal was not properly served on Shoemaker & Anderson.　The petition was dismissed, and they appeal.—— *Affirmed.*

*Edmund H. McVey,* for appellants.

*F. C. Gilchrist,* for appellees.

Ladd, J.—The plea in bar was good.　By the terms of the supersedeas bond, the sureties promised " to satisfy and perform the judgment or order appealed from in case it shall·

be affirmed and any judgment or order which the Supreme Court may render or order to be rendered by the inferior court." If for any reason the judgment ought not to have been affirmed, that issue should have been raised by the principal. The sureties agreed to bide the result. *Phelan v. Johnson,* 80 Iowa, 727; *Drake v. Smythe,* 44 Iowa, 410. See *McConnell v. Poor,* 113 Iowa, 133.

The judgment of the district court against the insurance company was, in effect, affirmed by the dismissal of the appeal, and the appellee moved in this court for judgment against the sureties in accordance with the condition of their bond. This was authorized by section 4140 of the Code, which declares that " the Supreme Court, if it affirms a judgment, shall also, if the appellee asks or moves therefor, render judgment against the appellant and his sureties on the appeal bond for the amount of the judgment, damages and costs referred to therein in case such damages can be accurately known to the court without an issue and trial." The remedy was a part of the obligation, and in executing the latter the sureties waived the right to insist upon another. As they were parties to the record, though not to the suit, notice to them of the motion for judgment on the supersedeas bond was not essential. But they had the right to appear and interpose any defense they might have to the rendition of judgment. *Phelan v. Johnson, supra.* This is precisely what plaintiffs did. They insisted that they were entitled to be heard, and asserted that this court was without jurisdiction, for that no notice of appeal had been served. In overruling the resistance, the defense was denied, and properly so, for the abstract showed that the notice had been served, and no other proof was offered. The very issue now presented was determined against the sureties, and, as the court had jurisdiction to pass upon the question, and so did, the adjudication was final and should not be tried a second time in this or the district court.— AFFIRMED.