CASE 14.—ACTION BY H. D. ROGERS AND ANOTHER AGAINST DAVID SAMPLES AND ANOTHER.—May 26, 1909.

## Samples, &c. v. Rogers, &c.

Appeal from Lee Circuit Court.

E. E. HOGG, Special Judge.

From the judgment denying the claim of Sarah Samples, for taking care of live stock attached, she appeals.—Affirmed.

1.  Attachment—Taking care of Property—Compensation.—One permitted to remain in possession of live stock, notwithstanding the attachment thereof, without giving the bond required by Civ. Code Prac., Sec. 214, authorizing the sheriff to deliver attached property to the person in whose possession it is found on the execution of a bond, is not entitled to recover from plaintiff, on the vacation of the attachment, for taking care of the live stock.

2.  Attachment—Taking Care of Property—Liability.—Civ. Code, Prac. Sec. 219, making provision for an allowance to the sheriff for the expenses of keeping attached property, applies to

cases where the sheriff takes the property out of the possession of the claimant, and there is no provision authorizing an allowance to the claimant of attached live stock for keeping and feeding the same.

S. P. STAMPER for appellants.

H. L. WHEELER for appellees.

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER—Affirming.

This is the second appeal of this case. The opinion on the former appeal may be found in 107 S. W. 222. H. D. Rogers and Sherman Robins were sureties on the bond of David Samples, who had qualified as administrator of his brother, Jesse Samples, who died a resident of Lee county, leaving a widow and four infant children. David Samples made a transfer to his sister, Sarah Samples, of practically all of the property he had for the recited consideration of $1,-600. After this conveyance was made, Rogers and Robins brought suit against David Samples and Sarah Samples to set aside the conveyance as fraudulent and subject the property to any loss that might fall upon them as sureties. David Samples deposited in bank the sum of $963 which was to be paid out on any liability adjudged against him. Before this was done, Rogers and Robins had obtained a specific attachment, which had been levied on the property transferred by David Samples to Sarah Samples. The sheriff levied the attachment on certain live stock which was in the possession of Sarah Samples and claimed by her. This stock remained in her possession for some time. A part of the property was sold as perishable, and brought $450. The sale was reported to the court and confirmed. The purchaser was a sister of David Sam-

ples, and David went on her bond. The court held the transfer to Sarah Samples fraudulent, and set it aside. He adjudged the costs paid out of the sale bond, and the balance paid to David Samples. From that judgment Sarah Samples and David Samples appealed. This court held that the order of attachment was void, inasmuch as it was issued by the clerk. The judgment was reversed and remanded, with directions to set aside the specific attachment and all proceedings had under it. The appellants were allowed to recover their costs in the circuit court incurred with reference to the attachment. On the return of the case to the trial court, Sarah Samples filed a claim for the sum of $419.50 for keeping, feeding, and taking care of the live stock attached under the order of attachment. Evidence was heard, and the trial court denied the relief prayed for. From that judgment this appeal is prosecuted.

By section 214 of the Civil Code of Practice it is provided that the sheriff may deliver any attached property to the person in whose possession it is found, upon the execution in the presence of the sheriff, of a bond to the plaintiff, by such person, with one or more sufficient sureties, to the effect that the obligors are bound, in double the value of the property, that the defendant shall perform the judgment of the court in the action, or that the property or its value shall be forthcoming and subject to the order of the court. Manifestly, if Sarah Samples had executed the bond provided for in this section, she could not at the same time secure an allowance for feeding and keeping the live stock which she claims. Instead of requiring such bond, the sheriff simply left the attached property in her possession. She claimed it under the bill of sale made to her by her brother, David Sam-

ples.   Section 219 makes provision for an allowance to the sheriff or receiver for the expense of keeping attached property.   That  provision  applies  to cases where the sheriff takes the property out of the possession of the claimant.   There is no provision in the statutes authorizing an allowance to the claimant of attached property for keeping and feeding the very stock which he claims; nor do we think that such action would be authorized upon equitable principles. If no attachment had been levied at all, Sarah Samples would have been compelled to pay for the keeping of her own stock. The levy of the attachment in no way interfered with the possession of the stock.   The stock remained with her, and in our opinion the action of the trial court in rejecting her claim was entirely proper.

For the reasons given, the judgment is affirmed.