PAUL SPRINGER et al., Appellees, v. METROPOLITAN CASUALTY INSURANCE COMPANY, Appellant.

No. 41910.

JUNE 20, 1933.

REHEARING DENIED DECEMBER 14, 1933.

Merle F. Wells, Alfred C. Mueller, and Lane & Waterman, for appellant.

Glenn D. Kelly, for appellees.

KINDIG, C. J.—Henry F. Paulsen, in January, 1927, as plaintiff, brought an action for landlord's attachment in the district court of Iowa, in and for Scott county, against Paul Springer and Mary Springer, as defendants. That early landlord's attachment action lays the foundation for the proceedings in the case at bar, wherein the defendants in the attachment action become, and now are, the plaintiffs in a suit against the surety on the supersedeas bond filed on an appeal in the attachment proceeding. For the purpose of understanding the present controversy, it is necessary to here relate the history of the previous attachment proceeding.

A trial was had in said attachment suit in the Scott county district court, on March 6, 1928. It terminated in a directed verdict for the defendants Paul and Mary Springer. Accordingly, judgment was rendered against the plaintiff Paulsen for "the costs of the aforesaid cause of action taxed at Three hundred Forty Four and .05-100 ($344.05) Dollars". Whereupon the plaintiff Paulsen, during the same day, served and filed his notice of appeal from that judgment to the Supreme Court. In connection with Paulsen's appeal, he filed a supersedeas bond. Eight days thereafter, to wit, on March 14, 1928, the defendants Springers presented to the sheriff of Scott county a statement of account, or bill, for feeding live stock and poultry attached in the aforesaid suit. The amount of this bill was $594. A demand was made upon the sheriff by the defendants for payment of the account. While the sheriff did not formally allow or pay the bill, he nevertheless turned the statement of account over to the clerk of the Scott county district court, and asked that the same be filed with the papers in the original case. Hence, a deputy clerk, in accordance with the sheriff's demands, accepted this statement and filed it with the rest of the papers.

When, as before stated, the plaintiff Paulsen filed the supersedeas bond, above mentioned, the Metropolitan Casualty Insurance Company, the defendant-appellant in the present controversy, was the surety thereon. It is stated in the record that Paulsen's appeal to this court in the attachment case was dismissed because he did not file an abstract of record. Such appeal, in any event, was dismissed. Consequently, the dismissal of the appeal by the Supreme

Court in the attachment action, so far as material in the present controversy was the equivalent of an affirmance by this court of the judgment and costs in the attachment suit. Thereby the sureties on the supersedeas bond were rendered immediately liable thereunder. Coon v. McCormack et al., 69 Iowa 539, 29 N. W. 455.

Following the dismissal of the appeal in the attachment suit, the attorneys for Paulsen, on February 4, 1929, paid the court costs appearing upon the docket, with the exception of $153.75. This last-named sum was alleged to have been erroneously entered. The $594 named in the bill presented by the defendants, Springers, to the sheriff for feeding and caring for the live stock and poultry attached, was not among the costs appearing upon the court docket. Paulsen, the plaintiff in the attachment suit, refused to pay that item, and on April 1, 1929, the deputy clerk at the direction of one of the defendants' attorneys in the attachment suit entered this claim on the Combined Docket under the head of "Judgment" in the column designated "Accrued Costs" and "Remarks". After the claim for feeding and caring for the cattle and other live stock and poultry was thus taxed as costs in the attachment proceeding by the deputy clerk, the Springers, defendants in the attachment suit, continued to demand payment of the same. But the costs were not paid by Paulsen, the plaintiff in the attachment action. A dispute seems to have arisen concerning the authority of the deputy clerk to enter said costs of record in the manner and way aforesaid.

Then, on January 27, 1930, Paul and Mary Springer, the defendants in the attachment suit, commenced an action for a *nunc pro tunc* order directing and authorizing the clerk to correct the judgment entry by including the item of $594 as costs in said original action. Also Henry F. Paulsen, the plaintiff in the attachment action, on August 12, 1930, filed a motion for a retaxation of the costs. In his motion, Paulsen asked that the costs in the attachment proceeding be retaxed and corrected in the judgment entry to show the exact amount thereof. On October 27, 1930, the Springers' application for the *nunc pro tunc* order, and Paulsen's motion to relax the costs, came on for hearing together. Both the motion and the application seem to have been sustained, and, on the same October 27th, the district court of Scott county ordered, among other things, "that the motion to retax costs is considered, modified, and allowed as above set forth, and said costs are hereby taxed and allowed in the sum of Five Hundred Eighty Five and no-100 ($585.00)

Dollars". No appeal was taken from the judgment on the motion to retax costs or on the application for a *nunc pro tunc* order. As a result of the foregoing circumstances, Paul and Mary Springer, the defendants in the attachment proceeding, finally, on July 19, 1929, commenced the present suit against the appellant, Metropolitan Casualty Insurance Company, to recover on the supersedeas bond the amount of the aforesaid costs as retaxed. In other words, as before said, Paul and Mary Springer, who were the defendants in the attachment proceeding, became, and now are, the plaintiffs-appellees in the present controversy. Also the Metropolitan Casualty Insurance Company, which was the surety on the supersedeas bond in the attachment proceeding, became, and now is, the defendant-appellant in the suit at bar.

The cause was tried by the court rather than by a jury. Several defenses to the appellees' present suit on the supersedeas bond were interposed by the appellant. Judgment was entered against the appellant in appellees' favor, and consequently the appellant appeals. So far as material on this appeal, the propositions of which the appellant complains are as follows: First, that the district court erred in holding that the judgment entered on the application for the *nunc pro tunc* order and the motion to retax costs in the early case is binding upon the appellant under the supersedeas bond; second, that the court erred in concluding as a matter of law that the application for a *nunc pro tunc* order and the motion to retax costs were timely filed, and that the court had jurisdiction of the subject-matter and of the parties; third, that the court erred in concluding as a matter of law that the appellant became bound to satisfy and perform the judgment entered on the retaxation of costs; and, fourth, that the court erred in rendering judgment against the appellant for the retaxed costs in view of the fact that the costs, assessed at the time the appeal was dismissed, have been fully satisfied and discharged.

These propositions, although separately argued, will be considered together in the discussion of this case. Section 12134 of the 1931 Code provides:

"The sheriff shall be allowed by the court the necessary expenses of keeping the attached property, to be paid by the plaintiff and taxed in the costs."

An argument is made by the appellant at the outset that under

no circumstances can the appellees recover for the care and keep of the property in question because it was at all times in their possession. See Samples v. Rogers et al., 134 Ky. 93, 119 S. W. 199. Whether this is true or not, we find it unnecessary to decide under the theory of the opinion.

But it is said by the appellant that in the case at bar the sheriff did not pay the appellees for keeping the attached property, and therefore that official is making no claim at the present time. Therefore, it is stated that the appellees cannot recover from the appellant for keeping the attached property. Such recovery, if any is to be had, the appellant declares, must be from the sheriff. Hurd v. Ladner & Corbin, 110 Iowa 263, 81 N. W. 470; Rowley v. Painter, 69 Iowa 432, 29 N. W. 401. Because of Paulsen's (the plaintiff in the attachment proceeding) motion to retax the costs, we find that the proposition just stated need not be decided in the case at bar. Even though the appellant's contention is correct, as an original proposition, yet it now becomes quite immaterial because of the record in the case.

A supersedeas bond, as before explained, was given by Paulsen when he appealed from the judgment of the district court in the attachment suit, wherein he was defeated, to the Supreme Court. That bond is provided for in the Code. Section 12858 of the 1931 Code contains the following provision:

"No proceedings under a judgment or order, or any part thereof, shall be stayed by an appeal, unless the appellant executes a bond with one or more sureties, to be filed with and approved by the clerk of the court in which the judgment or order was rendered or made, to the effect that he will pay to the appellee all costs and damages that shall be adjudged against him on the appeal; and will satisfy and perform the judgment or order appealed from in case it shall be affirmed, and any judgment or order which the supreme court may render, or order to be rendered by the inferior court, not exceeding in amount or value the original judgment or order, and all rents of or damages to property during the pendency of the appeal out of the possession of which the appellee is kept by reason of the appeal."

Through the supersedeas bond, Paulsen obtained a stay of execution on the judgment in the district court pending the appeal. Before Paulsen could obtain such stay, it was necessary that a

surety, or sureties, execute the supersedeas bond. Paulsen contracted with the appellant to thus execute his bond. Accordingly, for a consideration, the appellant did execute the bond. When thus executing the supersedeas bond, the appellant, as surety, guaranteed that Paulsen would pay the judgment and costs contemplated by the bond. The costs claimed by the appellees for keeping the attached property, as before said, were presented to the sheriff in a written claim, and he, in turn, filed such claim with the clerk of the district court. Later the clerk, or his deputy, entered the item of costs upon the records; whereupon Paulsen did not ignore the action of the clerk, but rather, in accordance with section 11638 of the 1931 Code, moved the district court for a retaxation of the costs. That Code section provides:

"Any person aggrieved by the taxation of a bill of costs may, upon application, have the same retaxed by the court, or by a referee appointed by the court in which the application or proceeding was had, and in such retaxation all errors shall be corrected."

Thus, by moving for a retaxation of costs, Paulsen invoked the jurisdiction of the court. He did not deny such jurisdiction, but rather affirmed it. In response to Paulsen's motion, the district court did retax the costs. Paulsen did not appeal from the order or judgment of the district court in that matter. Such retaxation of costs, therefore, became a finality. The district court, in proper cases, has jurisdiction, under the statute aforesaid, to retax costs. When so acting upon a motion to retax costs, the district court may err. If so, the error can be corrected on appeal or by a writ of certiorari, as the case may be. Nevertheless, the district court has jurisdiction to consider a motion to retax costs when properly made. See Acres v. Hancock, 4 Iowa 568; Frankel v. Chicago, Burlington & Pacific Ry. Co., 70 Iowa 424, 30 N. W. 679. As before said, Paulsen made the motion and the appellees resisted it. Both Paulsen and the appellees, therefore, were before the district court when its decision was made. So far as Paulsen and the appellees are concerned, therefore, the retaxation of costs became a finality because no appeal was taken from that order or judgment of the district court. Obviously, then, both Paulsen and the appellees are bound by the retaxation.

Upon signing the supersedeas bond, the appellant became liable

for all the costs in the case legally assessed against Paulsen. Sherman v. Smith, 185 Iowa 654, 169 N. W. 216. The statute authorizing the district court to retax costs was enacted and in full force and effect when the appellant signed the supersedeas bond under consideration. That statute is a part of the procedure in district court cases. Resultantly the appellant in law understood that fact. Under the circumstances, then, the appellant is bound by the action of the court in retaxing the costs. This is true because Paulsen, under the record, is bound to pay all costs in the attachment suit legally assessed against him. Manifestly the costs thus retaxed are the costs named in the supersedeas bond upon which the appellant is bound.

There is no claim by the appellant, in its grounds relied upon for reversal or elsewhere, that the appellees cannot recover because of estoppel or laches in retaxing the costs. See Brett v. Clark, 136 Iowa 544, 114 N. W. 28; Hart v. Delphey et al., 194 Iowa 692, 190 N. W. 14. The payment of a portion of the costs by Paulsen did not estop him from moving for and obtaining a retaxation of the entire costs. Paulsen and the appellant cannot successfully claim that the appellees are barred from enforcing an order or judgment for the retaxation of costs made upon Paulsen's own application. This is especially true, because there is no claim on the appellant's part that Paulsen's action in moving for a retaxation of the costs, and the appellees' response thereto, were fraudulent, collusive, or otherwise unfair. As a party to the attachment suit, Paulsen had a legal right to file such motions in the proceeding as to him seemed wise and best. It was for Paulsen, and not the appellant, to choose what steps to take in the attachment suit. In Drake v. Smythe, 44 Iowa 410, reading on pages 412 and 413, it is said:

"The sureties [on a supersedeas bond] became parties to the record, and were liable to any judgment rendered in the cause within the limit of their obligation. Their relation to the action was not such as gave them any control thereof; they could not dictate to defendant the course he should pursue in the case; he had the full right to do whatever the law authorized in a case where no sureties are concerned. Their position in the case was one of obligation for debts, not of rights in conflict with defendant's rights. They were bound for the judgment which should be rendered against defendant in the progress of the suit. That defendant had the right to stipulate for time upon the rendition of the judgment

cannot be questioned. The sureties, then, are bound by that agreement, and are liable upon the judgment."

The process of retaxing costs was contemplated by the supersedeas bond. By express terms, the supersedeas bond covered costs. Under the statute, as before explained, costs may be retaxed. Consequently, the appellant, being the surety on the supersedeas bond, is necessarily bound by the retaxation of costs. That is true, not because the appellant is a party to the suit; but rather for the reason that it is a party to the record and also bound by the written contract. When signing the supersedeas bond, the appellant expressly or impliedly agreed to abide the result of the attachment suit. Because in the attachment suit the costs were assessed against Paulsen, the principal on the supersedeas bond, the appellant in the case at bar, as the surety on the bond, was bound to pay the same. Jewett v. Shoemaker, 124 Iowa 561, on page 563, 100 N. W. 531; Pease v. Rathbun-Jones Engineering Co., 243 U. S. 273, 37 S. Ct. 283, 61 L. Ed. 715, Ann. Cas. 1918C, 1147; Bankers Surety Co. v. Linder, 156 Iowa 486, 137 N. W. 496; Phelan v. Johnson, 80 Iowa 727, 46 N. W. 68.

Under the circumstances, there is no necessity of discussing the validity of that part of the judgment in the district court, relating to a *nunc pro tunc* proceeding. The case is determined by the record on Paulsen's motion to retax the costs.

Wherefore, the judgment of the district court must be, and hereby is, affirmed.—Affirmed.

EVANS, ALBERT, STEVENS, ANDERSON, KINTZINGER, CLAUSSEN, and MITCHELL, JJ., concur.

DONEGAN, J., takes no part.