## GARDNER v. BROWN.

SHERIFF'S LIABILITY FOR PRINTER'S FEES.—A sheriff is not personally liable for printer's fees for advertising, simply because he officially hands the advertisement to the printer, in the absence of special contract. The printer's fees may be collected as part of the costs in the case. And as the fee bill in the code does not fix the amount of expense the sheriff may incur for advertising, the Court may do so, under the provisions in 1 G. & H. p. 338.

APPEAL from the *Daviess* Common Pleas.

PERKINS, J.—*Gardner*, assignee of *Lewis*, publisher of the *Washington Conservator*, sued *Brown*, the sheriff of *Daviess* county, on an account of 16 dollars for advertising three sheriff's sales.

The sales were advertised without any special contract with the sheriff. The fee for advertising was taxed in the costs, but had not yet been collected.

The Court below found for the defendant. The statute fixing costs, &c., is defective in not providing a fee for notices by publication. At least, we have not found any such provision.

But the code does provide, (1 G. & H. p. 338,) for the taxation of costs by the Court, and that "whenever there shall appear a claim for official services rendered by any officer of a Court of justice, and there does not appear to be any fees fixed by law as a compensation therefor, the Court, judge or justice, on application, shall make an order specifically fixing the allowance for such claim."

Now, the statute, (2 G. & H. p. 249,) requires sheriffs to advertise sales of real estate in a newspaper, if there be one in the county willing to publish such advertisement, and authorizes him, thereby, to incur that expense; but, as the fee bill in the code does not fix the amount of the expense, the Court may do so.

It is analogous to the case of an allowance to the sheriff for keeping property attcahed, &c. See *Jones* v. *Thomas*, 14 Ind. 474.

The sheriff, however, will not be personally liable, unless he makes himself so by contract specially. The printer's fee will be a part of the costs, and collectable as such. If it should be lost by any negligence on the part of the sheriff in failing to have it taxed, or otherwise, he might be liable on that ground; or if he should collect it and fail to pay it over, he might be liable for money had and received, &c. But he would not be liable on the contract for advertising simply upon the fact that he had officially handed the advertisement to the printer.

*Per Curiam.*—The judgment below is affirmed, with costs.

*J. W. Burton,* for the appellant.